SCHLIM, Appellant v. GAU, Respondent

(125 N.W.2d 174)

(File No. 10039. Opinion filed December 13, 1963)

**Martens, Goldsmith, May & Porter,** Pierre, for Plaintiff and Appellant.

**Stephens, Riter & Mayer** and **Robert D. Hofer,** Pierre, for Defendant and Respondent.

RENTTO, J.  The plaintiff Schlim was injured while riding in his own car, which at the time it ran off the highway and collided with a tree, was being driven by the defendant Gau at the request of the plaintiff. In this action he seeks damages for injuries to his person which he claims were caused by the negligent manner in which Gau drove the car. The trial court directed a verdict for the defendant on the ground that Schlim at the time he suffered his injuries was a guest without compensation under our guest statute which denies him a cause of action based on ordinary negligence. He appeals from the judgment claiming that he was not a guest.

In the latter part of June, 1961, Schlim, Gau, Iho Varva and apparently Marvin Skinner, all residents of Pierre, South Dakota,

who had been close friends for some time, met at the bar operated by Schlim and talked about going antelope hunting. Schlim asked them to go on such a trip with him to the Black Hills area that fall. There was a suggestion by some of the others that they could not afford the trip so Schlim volunteered that he would arrange free board and room for them at a cousin's home in Deadwood, South Dakota, which he apparently later did. He also offered to take his car because it would serve their purpose better than the cars of the others and arranged for and secured their hunting licenses for which they paid or reimbursed him.

Late in the afternoon of September 29, 1961, these four left Pierre in Schlim's car with him driving, going by way of Highway 34. Before their departure Skinner purchased and paid for a tank of gasoline. At Howes, about 100 miles west of Pierre, they stopped to sight in their rifles. Schlim complained of being tired and requested that someone else drive which Gau volunteered to do. They next stopped near Sturgis, South Dakota, where the car was filled with gasoline for which Gau paid. After that they proceeded into town where they had their evening meal, played a game of pool and had some beer. Gau drove the car.

About 9:30 that evening they left Sturgis to go to Deadwood to spend the night at the home of Schlim's cousin with Gau again doing the driving. Schlim was in the front seat with him and the other two occupied the rear seat. A short distance out of Sturgis the car failed to negotiate a curve and skidded onto the highway shoulder, out of control, and collided with a tree causing serious injury to Schlim. He does not claim that Gau's conduct in driving the car was willful and wanton misconduct. Rather, his action proceeds on the theory that the guest statute does not apply to him because he was the host and that Gau would be liable to him for ordinary negligence which was the rule under the common law.

Accordingly, we must determine whether plaintiff Schlim under these circumstances was a guest within the meaning of our guest statute. That enactment appears now as SDC 44.0362 and so far as here material is as follows:

"No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the willful and wanton misconduct of the owner or operator of such motor vehicle, * * *."

On the question of whether an owner can be a guest in his own automobile the cases are in conflict. Effectuating legislative intent seems to be the controlling factor in these conflicting decisions.

We have not had occasion previously to decide this question under our guest statute, but that burden was presented to the Minnesota Supreme Court in Phelps v. Benson, 252 Minn. 457, 90 N.W.2d 533. In an exhaustive well-reasoned opinion, to which those interested are referred, it was held that under our guest statute an owner can be a guest while riding as a passenger in his own automobile. The opinion cites and discusses numerous cases indicating that an owner under some circumstances can be a guest while riding in his own car. See also Murray v. Lang, 252 Iowa 260, 106 N.W.2d 643; Naphtali v. Lafazan, 8 A.D.2d 22, 186 N.Y.S.2d 1010 and Walton v. Tull, 234 Ark. 882, 356 S.W.2d 20.

A note on the Phelps case in 38 Tex.L.Rev. p. 110 makes this observation:

"Those courts which follow the familiar rule of construction that statutes in derogation of the common law are to be strictly construed tend to restrict the guest category to exclude the owner-passenger. Conversely, those courts which because of legislative mandate or judicial policy expressly do not construe statutes strictly merely because they are in derogation of the common law do not hesitate to denominate an owner-passenger a guest in a proper case."

By SDC 65.0202(1) the rule that statutes in derogation of the common law are to be strictly construed is abrogated in this state

and it is made our duty to effectuate the legislative purpose through liberal construction.

■ It is fundamental that in construing a statute we should ascertain and give effect to the intention of those who enacted the law. To do this we said in State ex rel. Cook v. Polley, 30 S.D. 528, 139 N.W. 118:

> "the court should bear in mind the object sought to be accomplished by the law; and to ascertain this object it should consider the occasion and necessity of its enactment, the defects or evils in the former law, and the remedy provided by the new one. The statute should then be given that construction which is best calculated to advance its object by suppressing the mischief and securing the benefits intended. 36 Cyc. 1106 and 1110. It should always be remembered that a thing which is within the intention of the enactors of a statute is as much within the statute as if it were within the letter thereof; and a thing which is within the letter of the statute is not within the statute, unless it be within the intention of the enactors thereof."

This rule was reaffirmed in Fonder v. City of South Sioux Falls, 76 S.D. 31, 71 N.W.2d 618, 53 A.L.R.2d 493.

Manifestly our legislature was persuaded that the increasing use of motor vehicles had created situations in this limited field for which our existing law of negligence was unsuited. The defects in our former law, which the legislature was seeking to remedy by the adoption of our guest statute, have been made quite clear. Since Melby v. Anderson, 64 S.D. 249, 266 N.W. 135, our first case concerning this enactment, it has been accepted without question that our statute was taken from the law of Michigan. That case held that it should be "construed and interpreted in the light of the Michigan decisions relating to it before our Legislature adopted it."

■ Two years before we enacted our law the Michigan Supreme Court handed down its opinion in Naudzius v. Lahr, 253 Mich. 216, 234 N.W. 581, 74 A.L.R. 1189, 30 N.C.C.A. 179,

referred to in the Melby case, stating the purposes behind the enactment of its guest statute as follows:

"Generally, gratuitous passengers are relatives or friends. Exceptionally, they are mere acquaintances, invited chance pedestrians, or those who deliberately solicit rides. Since the rule of liability was announced in Roy v. Kirn, 208 Mich. 571, 175 N.W. 475, there has been considerable litigation between guests and hosts. Some between husband and wife or other close relatives has found its way to this court. * * * In many, probably most, of the cases between relatives or friends the real defendant is an insurance company. Ordinary negligence is not hard to prove if guest and host co-operate to that end. It is conceivable that such actions are not always unattended by collusion, perjury, and consequent fraud upon the court. While we may accept the contention that paid insurers are not objects of special consideration by the Legislature, it is inadmissible for the court to consider a law from the viewpoint that they are not entitled to a proper trial and honest determination of liability in a lawsuit. Nor are insurance companies alone interested in the question. The results of verdicts are mirrored in insurance rates, and the law provides a possible reason in the purse of the motor owning public, most of whom carry liability insurance. It is not inconceivable that some passengers who solicit rides may manufacture claims for liability. Groups of young folks, engaged upon a joint enterprise of social enjoyment in a borrowed car, have been known to combine to charge the owner for an accident. The law also has social features. It is well known that drivers hesitate to take neighbors for a ride or to assist on his way a weary traveler because of potential liability for injuries. Few, if indeed any, of these features seem to have manifested themselves in the use of other vehicles than motor cars. Perhaps the Legislature also had other reasons for the law."

That this was also the situation in South Dakota when our guest statute was adopted is a matter of common knowledge. We think

it must be concluded that the primary concern of our legislature in passing the law was to do away with, or at least minimize, collusive litigation.

Appellant's basic contention is that on this hunting expedition he was the host so he could not at the same time be the guest. The gist of this argument is that the word guest as ordinarily understood, its dictionary meaning, precludes the application of our guest statute to the described situation. This is the rule announced in Gledhill v. Connecticut Co., 121 Conn. 102, 183 A. 379 and followed in Lorch v. Eglin, 369 Pa. 314, 85 A.2d 841; Ray v. Hanisch, 147 Cal.App.2d 742, 306 P.2d 30; Ahlgren v. Ahlgren, 152 Cal.App.2d 723, 313 P.2d 88; Parker v. Leavitt, 201 Va. 919, 114 S.E.2d 732; Peterson v. Winn, 84 Idaho 523, 373 P.2d 925; Henline v. Wilson, 111 Ohio App. 515, 174 N.E.2d 122; Leonard v. Helms, 4 Cir., 269 F.2d 48; Baldwin v. Hill, 6 Cir., 315 F.2d 738 and Wilson v. Workman, D. C., 192 F. Supp. 852.

The same argument was made in the Phelps case. The earlier decisions giving rise to this rule are therein extensively and cogently analyzed by the Minnesota court. It rejected the urged contentions in this manner:

> "It is obvious from an examination of the cases on this subject that the law has developed largely by following the Gledhill case. Connecticut follows the rule that statutes in derogation of the common law must be strictly construed, as does Pennsylvania. As we have shown above, South Dakota follows a rule of liberal construction. Having in mind the more liberal interpretation given these statutes by South Dakota and the purposes for which the statute was enacted as shown by Naudzius v. Lahr, 253 Mich. 216, 234 N.W. 581, 74 A.L.R. 1189, which interpretation was adopted by South Dakota when it enacted its guest law, we think that the dictionary definition of 'guest' followed in the Gledhill case and in the old cases dealing for the most part with inns and homes is too restrictive as applied to these motor vehicle guest statutes."

This is also our conclusion. In a note in 32 So.Cal.L.Rev. 93, discussing the Phelps case, it is written: "The word 'guest' as it appears in the guest statutes seems to be more in the nature of a word descriptive of certain legal consequences; a category which would preclude recovery by a party who fell within the classification."

■ ■ It is also urged that this restricted meaning of the word guest in our guest statute is compelled by SDC 65.0202(7), as was held in Peterson v. Winn, supra. That section so far as here pertinent states "Words used are to be understood in their ordinary sense * * *." However, as this court held in Wood v. Waggoner, 67 S.D. 365, 293 N.W. 188, it is necessary at times to limit or disregard the literal meaning of some words employed in order that manifest legislative intent may be made effective and the revealed spirit of an act may be served. To give this section the effect claimed by the appellant would, in our opinion, tend to obstruct and defeat the intention of our legislature. The danger of collusive litigation which prompted the passage of our guest statute is equally present whether the owner is the driver or only an occupant of the car.

It is to be noted that in Henline v. Wilson, supra, one of the cases cited by appellant as supporting his view, the Ohio court went on to say: "If we were to adopt a liberal construction of our Ohio guest statute, it is very probable that we should reach the same conclusion as the court in the Phelps case, supra, based upon an interpretation that the statute was enacted to prevent recovery when the operator of the vehicle was guilty of only ordinary negligence, since the owner is really enjoying the hospitality of the driver."

On oral argument appellant suggested that the case of Baldwin v. Hill, 6 Cir., 315 F.2d 738, which arose in a United States District Court in Michigan and supports his contention, should be given controlling effect since our guest statute was taken from that jurisdiction. We do not share his view. That decision, handed down in 1963, can shed no light on the intention of our legislature in adopting our statute 30 years before.

■ In our view plaintiff Schlim was a guest within the meaning of our guest statute at the time of the accident which

resulted in his injury. That he was being transported without compensation is not questioned. Accordingly, the trial court ruled correctly in holding that he did not have a cause of action against the defendant Gau for ordinary negligence.

Affirmed.

All the Judges concur.