Fallon Fischer and Newton Fischer, Plaintiffs-Appellants, v. Stuart Ross and Peter Kleinpaste, Defendants-Appellees.

**Gen. No. 66–62.**

Second District.

February 10, 1967.

Thomas L. Ruth, of Barrington, for appellants.

Bert P. Snow, of Freeport, for appellees.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Carroll County. The action was brought to recover damages for personal injuries suffered by Fallon Fischer in an automobile accident wherein the defendant, Stuart Ross, was driving an automobile owned by the defendant Peter Kleinpaste. The jury rendered a verdict in favor of the defendants, upon which the trial court entered judgment. The accident occurred on May 9, 1959, in Carroll County on a highway connecting Mt. Carroll and Savanna, Illinois.

Fallon Fischer, a minor at the time of the accident, was an Assistant Scoutmaster. The defendant, Stuart Ross, was an Assistant Scout Advisor. Both were volunteer Scouts having charge of Mt. Carroll Boy Scout Troop No. 51 at a Camporee being held on May 9, 1959, at Savanna Palisades State Park. Defendant Peter Kleinpaste was employed as a professional Scouter by the U. S. Grant Council of the Boy Scouts and had general charge of the Camporee. The Scoutmasters and their assistants were in charge of their troops. Defendant Kleinpaste used his

auto in Scout activities and was reimbursed for such auto expenses.

At the Camporee some pancake batter was left after a competition event and Fallon Fischer and Stuart Ross decided to use the batter for the evening meal. There is a conflict in the evidence as to whether the batter was to be used for all of the boys in their troop or only for the individual use of Fischer and Ross. As Fischer and Ross had no syrup or butter for the pancakes, it was decided they would go to Savanna to get these materials. Ross, in the presence of Fischer, asked Kleinpaste for the use of his car. Kleinpaste granted the request. He then requested that Ross and Fischer purchase some cigarettes for him. A Mr. Palmer, an associate of Kleinpaste, requested that they purchase some chicken for his and Kleinpaste's dinner.

Fischer and Ross proceeded to Savanna in Kleinpaste's automobile, Ross doing the driving, and made some purchases. Fischer and Ross then proceeded to Mt. Carroll, Illinois. Again, the evidence is conflicting. Ross testified Fischer requested him to drive to Mt. Carroll solely to pick up Fischer's shaving gear. Fischer testified the trip was mutually determined to pick up some troop equipment and only incidentally was his shaving gear picked up in Mt. Carroll.

From Mt. Carroll, with Ross still driving, the boys headed back to the Savanna Palisades State Park. Savanna is situated between Mt. Carroll and the park. The accident occurred on the road between Mt. Carroll and Savanna.

There is conflicting testimony as to whether, at the time of the accident, Ross was driving at 60 miles an hour or at speeds ranging from over 70 miles per hour up to 90 miles per hour.

Ross claimed Fischer asked him to see how fast the car would go. Fischer testified he asked Ross to drive more slowly than he was driving.

Plaintiff's complaint alleges in various Counts that he, Fischer, was a passenger and that Ross, as agent of Kleinpaste, was guilty of negligent conduct and was also guilty of wilful and wanton conduct. In addition to filing answers denying plaintiffs' allegations, the defendants filed affirmative defenses asserting that Fischer was either a guest or was engaged in a joint enterprise within the meaning of the Illinois Guest Statute (c 95½, § 9–201, Ill Rev Stats 1965) and, therefore, plaintiff could recover only if Ross was guilty of wilful and wanton conduct. Before the trial commenced, counsel for the defendants withdrew the so-called affirmative defenses as being "unnecessary" and to "simplify the drafting of the issue instruction."

At the time of the instruction conference, defendants tendered instructions relating to joint enterprise. Plaintiff objected on the grounds that this was a matter of affirmative defense and could not be given as said defense had been withdrawn prior to the trial. The court permitted the defendant to file a new affirmative defense. Plaintiff asserts this constituted surprise and raised an issue he had no opportunity to meet at the trial.

█ The primary issue before us is whether or not the defense of "joint enterprise" must be raised as an affirmative defense in the defendants' pleadings. The so-called Guest Statute denies recovery to a party who is a guest passenger or who is engaged on a joint enterprise, unless the conduct of the offending party is wilful and wanton. The burden of proof has been held to be on the plaintiff to prove he was not a guest within the meaning of the Statute at the time of the accident before he may prevail. Weinrob v. Heintz, 346 Ill App 30, 37, 104 NE2d 534; Burns v. Storchak, 331 Ill App 347, 351, 73 NE2d 168. In Leonard v. Stone, 381 Ill 343 at 346, 45 NE2d 620, the court said: "It is incumbent on Appellee, as plaintiff, to show that he was a passenger and not a

guest." Again, in Miller v. Miller, 395 Ill 273, 69 NE2d 878, the plaintiff elected to sue the defendant driver, charging negligence only. The court at page 282 stated: "The principal issue made by the pleadings is whether the plaintiff was a guest in the truck under the Guest Act or a passenger for hire. It was therefore incumbent upon him to show that he was a passenger and not a guest."

■■ Since it is incumbent upon a plaintiff to prove he is a passenger and not a guest under the Guest Statute, it would also follow that his burden would require him to prove that he was not engaged in a joint enterprise with the defendant at the time of the accident. A special interrogatory was submitted to the jury as to whether Fischer was either a guest or on a joint enterprise with the defendant Ross at the time of the accident. It was proper to submit this interrogatory. Leonard v. Stone, supra. This interrogatory the jury answered in the affirmative. The jury also answered a written interrogatory that they did not find Stuart Ross guilty of wilful and wanton conduct.

■ The record before us contains ample evidence to support the findings of the jury. The burden to prove that the plaintiff did not occupy the status of a guest or one engaged in a joint enterprise was upon him and was not an affirmative defense to be pleaded by the defendants.

■ The plaintiff contends that the instruction relative to joint enterprise was erroneous. The objection to this instruction was bottomed on the principle that this was an affirmative defense and not having been pled was improper. We in this opinion express a contrary opinion. The form and content of the instruction was not objected to in the trial court conference on instructions and therefore is not subject to review. Stewart v. DuPlessis, 42

Ill App2d 192, 201, 191 NE2d 622; Greenlee v. John G. Shedd Aquarium, 31 Ill App2d 402, 411, 176 NE2d 684.

 Finally, plaintiff contends that the failure of the court to give the plaintiff's instructions on deviation of an agent was reversible error. We note that in IPI 50.09 no instruction was prepared on the issue of deviation. There is a comment by the committee that IPI 50.06 is recommended. This instruction was given by the trial court. We are of the opinion that the failure to give the plaintiff's instruction on deviation was not prejudicial error when viewed in conjunction with the committee's comments suggesting the use of IPI 50.06, and the jury's finding, in answering the special interrogatory, that the parties were engaged in a joint venture.

For the reasons above stated the judgment of the trial court is affirmed.

Judgment affirmed.

MORAN, P. J. and SEIDENFELD, J., concur.