Alice Luster Summers, Plaintiff-Appellee, v. Charles Summers, Defendant-Appellant.

**Gen. No. 10,800.**

Fourth District.

July 10, 1967.

Costigan & Wollrab, of Bloomington, for appellant.

Thomson, Thomson & Mirza, of Bloomington (Jerome Mirza, of counsel), for appellee.

TRAPP, J.

Defendant appeals a judgment entered in favor of plaintiff upon the verdict of a jury in the sum of $12,000.

Count I of the complaint, for personal injuries, in its relevant allegation sets forth that plaintiff was the owner of a certain automobile sedan which was being driven by the defendant along a described rural road, and that, at the time and place described, plaintiff was a "passenger" and not a "guest" within the meaning of § 9–201, chapter 95½ (Ill Rev Stats, 1965). It is further alleged that the defendant negligently drove the automobile in several specified ways, that the plaintiff was in the exercise of ordinary care and caution for her own safety and safety of her property, and that, as a direct and proximate result of defendant's negligence, she suffered personal injuries and the loss of her automobile.

Count II of the complaint alleging wilful and wanton ligence on the part of the defendant was dismissed prior to trial.

The trial court denied defendant's motions to dismiss Count I directed to the propositions that the owner-occupant of an automobile has no right of action against the driver thereof for negligence, and also that the Count failed to allege that the plaintiff had contracted away and abandoned her right to control of the automobile.

Defendant's answer affirmatively set forth the same matters as that stated in the motion to dismiss.

The trial court denied defendant's motion for summary judgment which set forth the facts regarding the relation of the owner and the driver, and urged as grounds for said motion that the only duty imposed upon the defendant was to refrain from wilful and wanton misconduct, and the further ground that the conduct of the

defendant, if negligent, was properly imputed to bar plaintiff's recovery.

At the conclusion of the trial upon plaintiff's motion, the affirmative defenses were stricken. Defendant's post-trial motions were denied. As abstracted, the trial court's reasons for his ruling included the conclusion that the owner of a vehicle riding in the same is a passenger and not a guest, therefore, negligence would apply and not wilful and wanton.

Facts relevant to the issue framed include the following: The plaintiff and the defendant had been acquainted for approximately three months prior to November 14, 1962, the date of the injury. They were contemplating engagement, and at the time of the trial had been married. The plaintiff was the owner of a 1956 Chevrolet. On the date of the collision she drove in the evening with her young nephew to purchase a book for him at a drugstore. Leaving there, she drove to the hotel where defendant resided and with her nephew went to the defendant's room, where she asked defendant to accompany her in taking the nephew for a ride. It appears that there was no discussion between plaintiff and defendant as to whether they would use his car nearby or hers, or who would do the driving. As they arrived at plaintiff's automobile she entered the right front seat and defendant got into the left front seat. The nephew was also in the front seat.

The parties travelled from the town of Lexington onto a rural blacktop road. During this time plaintiff was reading the new book to her nephew. The car was being driven at a speed of 25 to 30 miles per hour upon a clear roadway. It is in the evidence that the defendant opened the glove compartment so that the plaintiff would have a light by which to read the book to her nephew. There is evidence that the defendant became distracted by the laughing and talking of the plaintiff and her nephew,

and that in some way the automobile driven by the defendant left the paved portion of the roadway and ultimately struck a culvert, as the result of which the plaintiff sustained injuries, the subject of this action.

The issue is whether the plaintiff, as owner-occupant of the automobile, is a "guest" within the meaning of chapter 95½, § 9–201 (Ill Rev Stats, 1965), so that plaintiff's right of action must be based upon the wilful and wanton misconduct of the defendant.

██ It has been held that the plaintiff has the burden to prove that she was a "passenger" and not a "guest." Fischer v. Ross, 79 Ill App2d 372, 223 NE2d 722, citing Miller v. Miller, 395 Ill 273, 69 NE2d 878; Leonard v. Stone, 381 Ill 343, 45 NE2d 620.

██ The statute commonly called the "Guest" statute was adopted in Illinois in 1931 and remains substantially in its original form. As chapter 95½, § 9–201 (Ill Rev Stats, 1965), it is in the following language (the iltalicized portions indicating the 1957 additions to the original statute) :

> "No person riding in *or upon* a motor vehicle *or motorcycle* as a guest without payment for such ride, *or while engaged in a joint enterprise with the owner or driver of such motor vehicle or motorcycle,* nor his personal representative in the event of the death of such guest, shall have a cause of action for damages against the driver or operator of such motor vehicle *or motorcycle,* or its owner or his employee or agent for injury, death or loss, in case of accident, unless such accident shall have been caused by the wilful and wanton misconduct of the driver or operator of such motor vehicle *or motorcycle* or its owner or his employee or agent and unless such wilful and wanton misconduct contributed to the injury, death or loss for which action is brought. . . ."

Our courts have not heretofore determined whether an owner occupying his automobile when driven by another is a "guest" within the meaning of the statute.

Plaintiff's contention that she is not a "guest" within the meaning of the statute is presented upon the authorities and decisions from various states which have statutes of varying degrees of similarity. The concept is stated to be that the statute was enacted ". . . to protect those who gratuitously transport others in their automobiles; and that it is the owner, not the driver, who extends the gratuitous transportation. . . ."

Consideration of the language of the statute discloses that it is designed to bar an action against 3 categories of persons: (1) the driver or operator, (2) the owner and (3) the agent or employee of the owner. The language seems explicit that the words "driver or operator" in the statute cannot possibly be interpreted to mean the agent or employee of the owner, for they are specifically distinguished both grammatically and by reference. Further, it is noted that the action is barred as to the owner's agent or employee in the latter's own right in contradistinction to a provision barring an action against the owner for the acts of his, the owner's, agents or employees. These categories are clearly distinguished and set forth twice in the first paragraph of the Act.

The language of our statute is, upon its face, clearly applicable for the benefit of the "driver" and of the "owner." Our Supreme Court has defined the terms and construed the purpose of the statute in two well known cases. In Miller v. Miller, 395 Ill 273 at 282, 69 NE2d 878, the court said:

> "The phrase 'passenger in a vehicle' is used to denote the fact that the plaintiff is one who is being carried by another for hire. Conversely, the word 'guest' is employed to designate one whom the owner or possessor of a motor car or other vehicle invites or permits to ride with him gratuitously, that is,

186

without any financial return except such slight benefits as it is customary to extend as part of the ordinary courtesies of the road. . . ."

There is no suggestion in this record that plaintiff was being carried for hire, i. e., as the "passenger" which she urges herself to be. Upon the "converse," she was being carried gratuitously by one who was a "driver" within the express provisions of the statute.

The facts of Miller emphasize the language of the court. There the plaintiff shipped cattle in defendant's motor trucks, for which he paid compensation. Plaintiff rode with the truck to Chicago. Defendant had a truck making a separate trip. Returning from Chicago on a subsequent date, plaintiff rode home on such truck, which also transported plaintiff's horse, the evidence being ambiguous as to whether he would pay compensation for the latter service. The court reviewed numerous cases from other jurisdictions as to the meaning of the statute. The court pointed out that the transportation of a horse was a separate transaction and conceding that payment was to be made for hauling the horse, evidence was lacking of any consideration for plaintiff's personal transportation, noting that one may be a guest within the meaning of the statute whether riding in a truck or a pleasure vehicle. Payment is an important, if not the decisive test, and that here plaintiff was riding purely for his own benefit and convenience. This opinion continues in further explanation:

"A guest, it has been said, is one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a motor vehicle, who accepts such hospitality and takes a ride either for his own pleasure or on his business, without making any return to or conferring any benefit upon the driver of the motor vehicle other than the mere pleasure of his company."

Again, in Connett v. Winget, 374 Ill 531, 30 NE2d 1, the court said:

> "In determining whether a person is a guest within the meaning of the 'Guest statutes' in the several States, consideration is given to the person or persons advantaged by the carriage; if it confers only a benefit incident to hospitality, companionship or the like, the passenger is a guest, . . . ."

We suggest that the use of the words "as a guest" in the statute is not actually necessary to carry out its purpose when the language of the statute and of these cases is considered. Such word, in its dictionary definition, includes contradictory relationships, i. e., (1) "a person entertained in one's house" (presumably gratuitous), and also (2) "a patron of a hotel, restaurant or other establishment" (payment undoubtedly being required). Webster's Seventh New Collegiate Dictionary. The contrary connotations of the word "guest" explain the statutory language "guest without payment for such ride." It appears under the construction in the cited decisions that the meaning of the statute is as if it read:

> "No person riding in or upon a motor vehicle or motorcycle without payment for such ride, . . . shall have a cause of action for damages. . . ."

The facts in this record disclose that the adventure in issue was for companionship and a pleasure outing, being originated in an invitation from the plaintiff. The plaintiff testified that nothing was said as to whether plaintiff's or defendant's automobile would be used. There is no evidence that defendant requested to be permitted to drive and his driving of the car, in view of the relationship of the parties, may be deemed a matter of social convention, and even a convenience to plaintiff, having in mind her desire to entertain the 3-year-old nephew. It

is not contradicted that as the parties entered the automobile she chose to enter the right side of the front seat leaving the driver's side for the defendant.

In support of her position plaintiff cites several California cases, including Collie v. Aust, 173 Cal App2d Supp 793, 342 P2d 998; Ahlgren v. Ahlgren, 152 Cal App2d 723, 313 P2d 88, and Ray v. Hanisch, 147 Cal App2d 742, 306 P2d 30, holding that under ordinary circumstances an owner is not a guest. It is apparent that these cases did not accurately state the legislative intent for we find that the California statute was amended to include the provision:

> "No person riding in or occupying a vehicle owned by him and driven by another person with his permission. . . ."

Plaintiff also cites Gledhill v. Connecticut Co., 121 Conn 102, 183 A 379. This opinion seems to be used as the authority for those cases in the several jurisdictions cited by plaintiff. It turns upon a dictionary definition of "guest" and noting that only an innkeeper or householder can offer "hospitality" in his respective establishment, concludes that only an owner of a car can offer hospitality. That court failed to note that a "guest" pays the innkeeper for the hospitality. It seems but fair to observe that at the present time substantially all social events include the use of an automobile; that with few exceptions all parties participating drive and own automobiles, and that the use of a particular individual's automobile is generally a matter of convenience rather than an especial mark of hospitality. As the Supreme Court said in Clarke v. Storchak, 384 Ill 564, 52 NE2d 229 at 237:

> "Undoubtedly the legislature, in adopting this act, was aware of the frequency of litigation in which passengers, carried gratuitously in automobiles, have sought the recovery of large sums for injuries al-

leged to have been due to negligent operation, and where, in the use of the automobile, which is almost universal, generous drivers might find themselves involved in litigation that often turned upon questions of ordinary negligence. It was evidently the intention of the legislature not only to correct this abuse but to promote the best interests of the people in their relation to each other."

We believe such reason is equally apt in those instances where those who share a common social outing also share the driving of the vehicle, or otherwise arrange such driving to suit their immediate convenience. We suggest that the use of a particular automobile is of slight, if any, significance in realizing the objectives of companionship and common pleasure.

Finding no pertinent language from our Supreme Court, we believe that the conclusions stated in Murray v. Lang, 252 Ia 260, 106 NW2d 643, by the Iowa Supreme Court are persuasive. There a constructive owner was killed when his companion was driving. That court concluded that the parties were (1) enjoying reciprocal hospitality and mutual pleasure, (2) that the use of the car by the defendant driver was not the motivating cause for the trip, but a means to a common end, and (3) that the owner's right to control does not remove the defendant driver from the protection of the statute. That court held that, as a matter of law, the owner was a "guest" within the Iowa statute. See also Phelps v. Benson, 252 Minn 457, 90 NW2d 533 and Schlim v. Gau, 80 SD 403, 125 NW2d 174.

Plaintiff urges that our statute is in derogation of the common law and must be strictly construed. The Supreme Court, however, in Miller v. Miller defined a "passenger" as one carried for hire, and a "guest" as one permitted to ride gratuitously for companionship and

190

pleasure. We apply such construction to the facts of this case.

The judgment of the trial court is reversed.

Reversed.

CRAVEN, P. J. and SMITH, J., concur.