(No. 40910.-

ALICE LUSTER SUMMERS, Appellant, *vs.* CHARLES SUM-
MERS, Appellee.

*Opinion filed June 21, 1968.—Rehearing denied Sept. 24, 1968.*

THOMSON, THOMSON & MIRZA, of Bloomington, (JE-
ROME MIRZA, of counsel,) for appellant.

COSTIGAN & WOLLRAB, of Bloomington, (WILLIAM F.
COSTIGAN, of counsel,) for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the
court:

Plaintiff, Alice Luster Summers, brought an action in
the circuit court of McLean County, for personal injuries
sustained in an automobile accident. Count I of the com-
plaint alleged that she was the owner-occupant of an auto-
mobile being driven by defendant when an accident oc-

curred at which time she was a "passenger" and not a "guest" within the meaning of the Illinois guest statute. (Ill. Rev. Stat. 1965, chap. 95½, par. 9—201.) It further alleged that defendant was negligent in the operation of the automobile in specified ways, that plaintiff exercised ordinary care and caution for her own safety and that as a direct and proximate result of defendant's negligence, plaintiff suffered personal injuries and the loss of her automobile. Count II of the complaint charging defendant with wilful and wanton conduct was dismissed prior to trial.

Defendant filed a motion to dismiss count I on the grounds that the owner-occupant of a vehicle has no cause of action against the driver thereof for negligence and that the plaintiff had failed to allege that she had abandoned or contracted away her right to control the vehicle. These grounds were also set forth in defendant's answer as affirmative defenses. Following denial of his motion to dismiss, defendant moved for a summary judgment setting forth the facts as they related to the owner and driver and urging that the only duty imposed upon him was to refrain from wilful and wanton misconduct and that his conduct, if negligent, was imputed to plaintiff to bar recovery. This motion was also denied.

At the conclusion of the trial, upon plaintiff's motion, defendant's affirmative defenses were stricken, a judgment was entered in favor of plaintiff on a jury verdict of $12,000 and defendant's post-trial motions were denied.

On appeal, the Appellate Court, Fourth District, reversed this judgment, holding that as a matter of law plaintiff was a "guest" within the Illinois guest statute, and that therefore her action based on simple negligence was barred. (85 Ill. App. 2d 182.) We granted leave to appeal.

The facts relevant to disposition of the issues before this court are undisputed. On November 14, 1962, plaintiff drove her nephew, in her 1956 Chevrolet, to a drug store

to purchase a book. They then proceeded to the hotel where defendant was residing, went to his room, and plaintiff asked him if he wished to accompany her in taking the nephew for a ride. At this time, plaintiff and defendant had been acquainted for some three months and were contemplating engagement. They have since married. There was no discussion between them whether to use plaintiff's car or defendant's, which was located nearby, nor was there any discussion as to who would drive. When the three arrived at plaintiff's car, she entered the right front seat with her nephew and defendant entered on the left or driver's side. The parties, with defendant behind the wheel, drove out of the town at a speed of 25 to 30 miles an hour, and, as they traveled, plaintiff read a book to her nephew. The evidence indicated that defendant became distracted by the laughing and talking of plaintiff and her nephew and that the car left the roadway and struck a culvert, causing injury to the plaintiff.

The Illinois guest statute provides in pertinent part: "No person riding in or upon a motor vehicle or motorcycle as a guest without payment for such ride, or while engaged in a joint enterprise with the owner or driver of such * * * nor his personal representative in the event of the death of such guest, shall have a cause of action for damages against the driver or operator of such * * * or its owner or his employee or agent for injury, death or loss, in case of accident unless such accident shall have been caused by the wilful and wanton misconduct of the driver or operator of such * * * or its owner or his employee or agent and unless such wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought." (Ill. Rev. Stat. 1965, chap. 95½, par. 9—201.) Whether under these circumstances plaintiff, as an owner-occupant, was a "guest" within the meaning of this statute is a question of first impression in Illinois. However, this question has been decided numerous

times by courts in jurisdictions having statutes similar to our own. The vast majority of these cases have held that an owner-occupant riding in his own car is not a guest. (*Gledhill* v. *Connecticut*, 121 Conn. 102, 183 A. 379; *Degenstein* v. *Ehrman* (N. Dak.), 145 N.W.2d 493; *Baldwin* v. *Hill* (6th cir), 315 F.2d 738; *Peterson* v. *Winn*, 84 Idaho 523, 373 P.2d 925; *Henline* v. *Wilson*, 111 Ohio App. 515, 174 N.E.2d 122; *Parker* v. *Leavitt*, 201 Va. 919, 114 S.E.2d 732; *Wilson* v. *Workman* (D.C. Delaware), 192 F. Supp. 852; *Leonard* v. *Helms* (4th cir.), 269 F.2d 48; *Collie* v. *Aust*, 173 Cal. App. 2d Supp. 793, 342 P.2d 998; *Lorch* v. *Eglin*, 369 Pa. 314, 85 A.2d 841; see Annotation, 65 A.L.R. 2d 312.) "The rationale underlying these decisions is that the host-guest relationship is dependent in large measure upon the furnishing of hospitality by the host to the guest. Since the owner-passenger is the one extending the hospitality—furnishing the mode of transportation —to the driver, the owner-passenger is the host and the driver is the guest." (*Baldwin* v. *Hill*, 315 F.2d at 740-741, also cited in *Degenstein* v. *Ehrman*, 145 N.W.2d at 499.) In other words, each of these cases recognizes that guest statutes were enacted primarily to protect those who gratuitously transport others in their automobile and that it is the owner, not the driver, who is extending the gratuitous transportation and hospitality.

Cases decided under our guest statute have expressed a similar understanding of its underlying legislative purpose. In *Clarke* v. *Storchak*, 384 Ill. 564, 579, it was stated: "That there should be a difference between the liability of a person who, out of the generosity of his heart, renders gratuitously some service to his fellow traveler over those rendering such service for hire and barter, can hardly be questioned. Those who are charitably inclined should not be restrained by fear of the consequences of their own charitable act and the recipients should not be permitted to gain by the generosity of their host. Undoubtedly the

legislature, in adopting this act, was aware of the frequency of litigation in which passengers, carried gratuitously in automobiles, have sought the recovery of large sums for injuries alleged to have been due to negligent operation, and where, in the use of the automobile, which is almost universal, generous drivers might find themselves involved in litigation that often turned upon questions of ordinary negligence. It was evidently the intention of the legislature not only to correct this abuse but to promote the best interests of the people in their relation to each other." See *Connett* v. *Winget,* 374 Ill. 531, 534; *Miller* v. *Miller,* 395 Ill. 273, 282, 287.

Despite a general agreement with this finding of legislative purpose, a small minority of cases, typified by *Phelps* v. *Benson,* 252 Minn. 457, 90 N.W.2d 533, have held an owner-occupant to be a "guest". (*Murray* v. *Lang,* 252 Iowa 260, 106 N.W.2d 643; *Schlim* v. *Gau,* 80 S. Dak. 403, 125 N.W.2d 174.) Significantly, the decisions by the courts in *Phelps* and *Schlim,* construing a South Dakota guest statute, were based primarily on a codified South Dakota rule of law requiring statutes in derogation of common law to be liberally rather than strictly construed. (See South Dakota Code, sec. 65.0202 (1).) The court in *Murray* followed a similar Iowa rule.

Contrary to this minority rule, in Illinois, as in the majority of jurisdictions, statutes in derogation of common law are to be strictly construed and nothing is to be read into such statutes by intendment or implication. (*Walter* v. *Northern Insurance Co. of New York,* 370 Ill. 283; *Consumers Sanitary Coffee and Butter Stores* v. *Commerce Com. ex rel. Commonwealth Edison Co.,* 348 Ill. 615.) It is evident that our guest statute, originally enacted in 1931, is in derogation of pre-existing common law in that it places a limitation on common-law rights of recovery. (*E.g.* It is conceded that the plaintiff in the instant case could recover at common law in an action based

on ordinary negligence; see *Reed* v. *Zellers,* 273 Ill. App. 18.) It is equally evident that this statute in its present form does not expressly apply to an owner-occupant of an automobile being driven by another; therefore, in absence of a finding of legislative intent to the contrary, our rule of construction requires the holding that an owner-occupant is not subject to the limitations of the guest statute.

In our judgment, the legislative intent underlying the guest statute, as found in the cases previously mentioned, is consistent with, and calls for, such a holding. The primary purpose of the statute is to protect and promote the interests of those who gratuitously extend the hospitality of their motor vehicles. Under the circumstances here, it is manifest that plaintiff extended the hospitality of her vehicle to defendant and that this relationship was not changed by the fact of his driving. We hold, in accord with the majority of jurisdictions which have considered this question, that plaintiff, an owner-occupant, is not a "guest" within the meaning of the guest statute.

The question remains, not passed upon by the appellate court, whether the trial court erred in striking the affirmative defenses raised in the answer. These defenses consisted of the allegations that plaintiff was the owner of the automobile, that she had not abandoned, contracted away nor relinquished her control of the vehicle to defendant, and that therefore any act or omission alleged to have been performed by the defendant is the act or omission of the plaintiff. In substance, this defense rests on the theory that the negligence of a defendant-driver is imputable to an owner-passenger when the latter does not relinquish control of the vehicle to the former. This theory is not well taken because the negligence of a driver is not imputed to an owner-passenger in the absence of the relationship of *respondeat superior* or the existence of a joint enterprise. (*Palmer* v. *Miller,* 380 Ill. 256; *Staken* v. *Shanle,* 23 Ill. App. 2d 269.) An owner-passenger is chargeable for his

own negligence on failing to perform his duty to control a driver, but the negligence of the driver is not imputable to him. (*Guthrie* v. *Van Hyfte,* 36 Ill.2d 252.) As defendant's affirmative defense did not allege the existence of a *respondeat superior* relationship or a joint enterprise, or that the plaintiff was herself negligent, it was unfounded in law and was properly stricken by the trial court.

For the foregoing reasons, the judgment of the appellate court is reversed, and the judgment of the trial court is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*