(No. 5748—▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

JAMES BILODEAU, Et Al., Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 30, 1976.*

CRAIG A. RIDINGS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; EDWARD L. S. ARKEMA, JR., Assistant Attorney General, for Respondent.

PERLIN, C. J.

This is an action for wrongful death and personal injuries in which Claimants allege that the State was negligent in maintaining a stop sign at the northwest corner of the intersection of U.S. Alternate 30 and Meridith Road in Kane County, Illinois. Claimants contend that the negligence of the State was the proximate cause of an automobile collision at the intersection in which James Bilodeau, Michael Bilodeau and Gerald Bilodeau were injured, and Natilie Bilodeau sustained injuries which resulted in her death.

U.S. Alternate 30 runs in an easterly and westerly direction. Meridith Road runs in a northerly and southerly direction. The speed limits on both roads in the vicinity of their intersection were 65 miles per hour. Alternate 30 was the preferred road, and its intersection with Meridith Road was protected by stop signs which halted north and southbound traffic on Meridith Road. Approximately 838 feet north of Alternate 30 on Meridith Road there was a warning sign indicating a stop sign ahead. The warning sign did not indicate the distance to the stop sign.

At approximately 10:30 a.m. on January 28, 1968, Illinois State Trooper Ray D. Winstead was driving southbound on Meridith Road. As he approached the intersection with Meridith Road he noted the warning sign indicating a stop sign ahead. When he reached the intersection he noted that the stop sign on the northwest corner, which halted southbound traffic on Meridith Road, was lying on the ground. Winstead testified that although he was looking for the sign he drove almost into the intersection before he saw it lying at the side of the road.

Winstead immediately radioed a report of the downed sign to his headquarters. The Illinois State

Police radio log sheet for January 28, 1968 reflects that this call was received at 10:40 a.m. Winstead then attempted to reset the sign but was unable to do so. After a few minutes he left the sign in the same position as he had found it and left the intersection unattended to resume his patrol.

Approximately two hours later, Claimants were proceeding south on Meridith Road. Natilie Bilodeau, then 22 years of age, was driving. Her husband James, their three year old son Michael, and her brother-in-law, Gerald Bilodeau, were passengers in the car. They were driving to Aurora to visit James Bilodeau's sister and were unfamiliar with the area as they had never before made the trip.

Richard A. Moecher and Jean Ann Moecher were the sole eyewitnesses to the accident. Called as Claimants' witnesses, they said that the Bilodeau car proceeded through the intersection without stopping. At the same time a car which was northbound on Meridith Road ignored the stop sign for northbound traffic and, without slowing, entered the intersection and turned west onto Alternate 30 directly in front of the Bilodeau car. The northbound car, driven by one Hugh Spears and carrying five passengers, collided head on with the Bilodeau car at approximately the middle of the intersection.[1]

Trooper Winstead arrived at the accident site shortly after the collision. He said that the downed stop

1. All of the occupants of the Spears car were killed. In *Merchants National Bank of Aurora, et al. v. State, No. 5600, filed January 9, 1973, amended opinion filed October 26, 1973,* a companion case to the instant action, the administrators of the estates of the passengers of the Spears car brought suit against the State for the wrongful deaths of those individuals. Neither Mr. nor Mrs. Moecher, the sole eyewitnesses to the collision, were called to testify in that action. The case was tried on the theory that the Spears car was eastbound on Alternate 30 when it struck the Bilodeau car, apparently on the basis of the locations of the Spears and Bilodeau cars when they came to rest after the collision.

sign on the northeast corner of the intersection was in the same position as he had left it about two hours earlier.

In order to recover for the wrongful death of Natilie Bilodeau, and for the injuries to the other occupants of the Bilodeau car, Claimants bear the burden of proving by a preponderance of the evidence that Respondent was negligent in maintaining the intersection of Alternate 30 and Meridith Road; that the negligence of Respondent was the proximate cause of their damages; and that they were themselves free of contributory negligence.

The issue of whether the State was negligent in maintaining the intersection was decided by this Court in *Merchants National Bank of Aurora, et al. v. State, No. 5600 filed January 9, 1973, amended opinion filed October 26, 1973.* There this Court held that the conduct of Trooper Winstead, in leaving the intersection unattended after he had actual notice of the downed stop sign, constituted negligence.

As we said in our amended opinion in *Merchants National Bank,*

In a nutshell, the Respondent, after receiving actual knowledge of said dangerous condition, literally walked away from the dangerous condition and thus allowed the hazardous condition to remain, which eventually caused the death of claimants' decedents.

Our earlier holding in *Merchants National Bank, supra,* that Respondent was negligent in not taking some action to protect the intersection once it had actual knowledge of the downed stop sign, is determinative of that issue in this action.

We next turn to the issue of proximate cause. Respondent argues that the negligence of Hugh Spears who ran a standing stop sign and drove into the path of Claimants' car was the proximate cause of the accident. Respondent contends that it could not have reasonably foreseen Spears' negligence.

It is clear that there may be more than one proximate cause of an occurrence. The act of one party may create a dangerous condition which may permit an accident to occur given the negligence of another party. If the negligence of the second party could have reasonably been foreseen by the party who created the dangerous condition, then that party may be held legally responsible for the resultant damages. As stated in *Johnson v. City of East Moline, 338 Ill.App. 220, affirmed 405 Ill. 460:*

What constitutes proximate cause has been defined in numerous decisions, and there is practically no difference of opinion as to what the rule is. The injury must be the natural and probable result of the negligent act or omission and be of such character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act. (citing cases) The intervention of independent concurrent or intervening forces will not break the causal connection if the intervention of such forces was itself probable or foreseeable.

The question thus becomes whether Respondent could have reasonably foreseen that an accident would occur in the absence of a stop sign. Again, our earlier decision in *Merchants National Bank, supra,* is dispositive. We there held that it was reasonably forseeable that an accident would occur at the intersection in the absence of the stop sign, and we, therefore, hold that the negligence of Respondent was a proximate cause of this accident.

The final issue is whether Claimants have established freedom from contributory negligence. James Bilodeau, Michael Bilodeau and Gerald Bilodeau were passengers in the car, and the record establishes that they were in the exercise of due care for their own safety. Further, even if we were to find that Natilie Bilodeau, the driver of the car in which they were riding was negligent, her negligence would not be imputable to her passengers. *Summers v. Summers, 40 Ill.2d 338; Tyler v. State, 26 Ill.Ct.Cl. 231.*

Respondent argues, however, that an award to the Administrator of the Estate of Natilie Bilodeau is barred because Natilie Bilodeau was not free of contributory negligence. It appears from the record that Natilie Bilodeau was unfamiliar with the intersection of Alternate 30 and Meridith Road and thus could not have been anticipating a stop sign at that location. Although she passed a sign approximately 800 feet north of the intersection indicating a stop sign ahead, that sign did not state the distance to the stop sign. Further, eyewitness testimony established that the Spears car turned directly in front of her vehicle after her car was already in the intersection. Under all the circumstances, we find that she was exercising reasonable caution for her own safety at the time of this occurrence.

James Bilodeau suffered a broken right shoulder, a compound fracture of his right arm, a fractured pelvis, several fractured ribs, and numerous cuts and bruises as a result of the accident. He was hospitalized for four weeks and wore a cast for about eight weeks thereafter. His out of pocket expenses were $8219.18, including $4777.74 in lost wages and $2418.09 in hospital bills. He has already received the sum of $19,963.95 from the Estate of Hugh Spears, which is required by Section 26 of the Court of Claims Act to be set off from his recovery in this forum.

Gerald Bilodeau suffered a broken left arm, three fractured ribs, a cerebral concussion, burns on his right leg, and numerous cuts and bruises. He has suffered permanent, but not disfiguring, scarring. His out of pocket expenses were $2127.62, including $1066.62 in hospital bills and $656.00 in lost wages. He has received the sum of $4444.87 from the Estate of Hugh Spears.

Michael Bilodeau was three years old at the time of this accident. He has a permanent disfiguring scar

across his entire forehead which may be helped by plastic surgery. He has received the sum of $6925.68 from the Estate of Hugh Spears.

Natilie Bilodeau was 22 years old at the time of her death. She was married to James Bilodeau and was the mother of Michael Bilodeau. She was employed at the time of her death earning $1.85 per hour. Her death represents a loss to her husband and son in excess of the maximum award which this Court may make. Her estate was paid the sum of $8,665.50 from the Estate of Hugh Spears.

After setting off the amounts received by Claimants from the Estate of Hugh Spears, as required by Section 26 of the Court of Claims Act, we hereby make the following awards:

To James Bilodeau, the sum of $5,036.05.

To Gerald Bilodeau, the sum of $15,555.13.

To James Bilodeau, as Guardian of the Estate and Person of Michael Bilodeau, a minor, the sum of $3,074.32.

To James Bilodeau, Administrator of the Estate of Natilie Bilodeau, Deceased, the sum of $16,334.50.