PARRISH, ADMR., APPELLEE, *v.*
WALSH, ADMR. W.W.A., APPELLANT.

[Cite as Parrish v. Walsh (1982), 69 Ohio St. 2d 11.]

(No. 81-93—Decided January 6, 1982.)

*Messrs. Parrish, Beeler, Beimford, Fryman, Smith & Uhl, Mr. Robert E. Fryman* and *Mr. Lee H. Parrish,* for appellee.

*Baden, Jones, Scheper & Crehan Co., L.P.A.,* and *Mr. David H. Landis,* for appellant.

CLIFFORD F. BROWN, J.   This case requires this court to review the doctrine of imputed negligence as announced in *Ross* v. *Burgan, supra. Ross* involved an action for damages for personal injuries sustained by the plaintiff when the automobile she owned, driven by her husband, was rammed from behind by defendant's automobile. This court, in announcing its decision, adopted a rule it considered "fair and reasonable," holding that, where an owner is the passenger-occupant of his own automobile, a rebuttable presumption or inference arises that he has the control and direction of it, and that the driver is acting as his agent in operating the car. *Ross, supra,* at 216. We continue to believe in the reasonableness of such a rule, in the context in which it was decided, that is, when the passenger-owner seeks recovery from a third party. The *Ross* decision requires the passenger-owner, absent evidence to the contrary, to shoulder responsibility for entrusting the operation of his automobile to another. When a third party becomes involved in an accident with such an automobile, the passenger-owner properly shares in any negligence of the driver. But for the acquiescence of the passenger-owner, the driver would never have had the opportunity to endanger a third party.

However, as between the driver and the passenger-owner, we fail to find the rule announced in *Ross* "fair and reasonable." In such a situation, the driver should not be permitted to defeat an action on the ground that he was guilty of wrongdoing. In an analogous situation, this court has invoked the doctrine of imputed negligence in actions between a third party and any or all of the members of a joint enterprise. *Bloom* v. *Leech* (1929), 120 Ohio St. 239. However, we expressly stated that the rule does not apply to an action by one member of the enterprise against another. Our reasoning in *Bloom* applies with equal force here: "As between themselves, one could not use his own negligence as a reason to defeat his associate's claim for injuries due to such negligence. To do so

would be tantamount to taking advantage of his own wrong." *Bloom, supra,* at 248.

In limiting the rule announced in *Ross* to actions involving third parties, we find both the commentators and other jurisdictions in near unanimous agreement with this view. See 7A American Jurisprudence 2d 991, 998, Automobiles and Highway Traffic, Sections 747 and 753; 50 A.L.R. 2d 1275, 1285; 6 Blashfield, Automobile Law and Practice (3 Ed.), Section 251.2, at pages 4 and 5; Prosser on Torts (4 Ed.) 480, Section 72; Restatement of Agency 2d, 275, Section 415, Comment *b;* Restatement of Torts 2d 547, Section 491 (2); *Reeves* v. *Harmon* (Okla. 1970), 475 P. 2d 400, 403, and cases cited therein; *Summers* v. *Summers* (1968), 40 Ill. 2d 338, 239 N.E. 2d 795; *DeGrove* v. *Sanborn* (1976), 70 Mich. App. 568, 246 N.W. 2d 157; and *Hale* v. *Adams* (Fla. App. 1960), 117 So. 2d 524, 527, and cases cited therein.

Accordingly, we hold that although the negligence of the driver of a motor vehicle involved in an accident may be imputed to the vehicle's owner who was riding therein as a passenger at the time of the accident so as to bar an action by the owner against a third party, or diminish the recovery in such an action, it is not imputable to the owner so as to defeat the latter's action against the driver or to diminish the recovery therein.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN and SWEENEY, JJ., concur.

LOCHER, HOLMES and KRUPANSKY, JJ., dissent.

KRUPANSKY, J., dissenting. Perhaps, as the majority suggests, the rule in *Ross* v. *Burgan* (1955), 163 Ohio St. 211, is not "fair and reasonable" when applied to a situation where the passenger-owner seeks recovery from the driver. The instant action, however, presents a very inappropriate case for reviewing the issues set forth in *Ross,* and for this reason I must dissent.

Civ. R. 56(C) states:

" * * * Summary judgment *shall be rendered forthwith* if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, *show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * * *" (Emphasis added.)

In the instant action the Court of Common Pleas, after reviewing plaintiff's answers to interrogatories and responses to requests for admissions, sustained the defendant's motion for summary judgment, thus determining there was "no genuine issue as to any material fact." As stated in the facts of the majority opinion, " * * * answers to interrogatories filed with the trial court indicated *no evidence* existed concerning the actions of the Brants that day * * * ." (Emphasis added.) The reasonableness of the trial court's conclusion that this case presents a proper action for applying Civ. R. 56(C) is undeniable when one considers: Mrs. Brant was the only individual known to have been with Dr. Brant in the 24 hours prior to the accident; both Mrs. Brant and Dr. Brant were killed in the accident; and, no other witnesses to the accident were available to testify.

Since no one knows what transpired in the hours, minutes and seconds preceding this accident the plaintiff would find it virtually impossible to prove negligence and proximate cause on the part of Mrs. Brant. Therefore, I feel the action taken by the Court of Common Pleas granting defendant's motion for summary judgment was correct and should not have been disturbed by the Court of Appeals. In the interest of judicial economy I would reverse the Court of Appeals because with or without *Ross, supra,* the end product of this case will undoubtedly result in the same or similar action.

I realize there is a duty imposed upon this court to occasionally extend, overrule, or confine the holdings of previous cases. These modifications, however, should only be undertaken when we are presented with a suitable case to implement the desired change. The instant action is not a "suitable case." In my opinion to remand this cause is an exercise in futility.

I would reverse the judgment of the Court of Appeals and

reinstate the Court of Common Pleas' grant of defendant's motion for summary judgment.

LOCHER and HOLMES, JJ., concur in the foregoing dissenting opinion.