SELMA SEWELL, Plaintiff-Appellant, v. LORENZO WOFFORD *et al.*, Defendants-Appellees.

First District (5th Division)   No. 83—2642

Opinion filed February 8, 1985.

Christopher S. Carroll, of Benjamin & Shapiro, Ltd., of Chicago, for appellant.

Jesmer & Harris, of Chicago (Charles E. Tannen and Terrance Akio Iwamuro, of counsel), for appellees.

JUSTICE SULLIVAN delivered the opinion of the court:

In this personal injury action, there were verdicts (1) for defendants Wofford and Checker Taxi Company (Checker) and against plaintiff; and (2) for plaintiff and against defendant McAllister in the amount of $14,525, with answers to special interrogatories that (a) Wofford and Checker were not negligent, (b) McAllister was the agent of plaintiff, and (c) plaintiff was 60% negligent and McAllister 40%. In entering judgment on the verdicts, the trial court reduced the award of damages to zero on the basis that she was 100% negligent (her 60% negligence plus McAllister's 40% which the trial court imputed to her on the jury finding that he was her agent). Plaintiff's post-trial motion was denied, and this appeal followed.

Plaintiff contends that (1) the court erred (a) in permitting improper testimony and argument concerning the nonuse of a seat belt, and (b) in refusing to strike McAllister's affirmative defense that as her agent negligence on his part was imputed to her; and (2) the verdict in favor of Wofford and Checker was against the manifest weight of the evidence.

Plaintiff and her cousin, William Cole, were passengers in her automobile which was being driven by McAllister at her request, and she was injured when the vehicle was involved in a collision with a Checker taxi driven by Wofford. The occurrence took place about 4 a.m. as they were returning from a party. Wofford testified that his cab was struck from behind as it was stopped for a red light, and although their testimony varies on details, plaintiff, Cole, and McAllister testified that the taxi backed into their automobile.

Opinion

Plaintiff first contends that the trial court erred in allowing improper testimony concerning the nonuse of a seat belt by plaintiff. We disagree. It appears that when defense counsel presented a hypothetical question to plaintiff's physician as to whether the use of a seat belt would have prevented or lessened the severity of her injuries, plaintiff's counsel stated, "I'm going to object unless there was evidence of the non-use of seat belts." The trial court overruled the objection subject to possible later exclusion of the testimony if there was a failure to show that plaintiff had not used a seat belt. The doctor then answered, "It's possible." Plaintiff, however, subsequently admitted that she had not been wearing her seat belt at the time of the accident,

and she made no later motion to strike the answer of her physician. Although she now argues the question was improper because causal connection was not shown between her failure to use a seat belt and her injuries, it is clear that she made no objection on that basis to the hypothetical question. "It is well established that an objection must specify the grounds for the objection and that no other grounds other than those stated will be considered on appeal." *Johns-Manville Products Corp. v. Industrial Com.* (1979), 78 Ill. 2d 171, 179, 399 N.E.2d 606, 610-11.

■ Plaintiff also takes the position that defendant improperly argued nonuse of a seat belt for the purpose of showing contributory negligence on the part of the plaintiff, and that the jury was improperly instructed on this issue. Although the failure to use a seat belt may not be used to show contributory negligence but may be introduced only on the issue of mitigation of damages (*Clarkson v. Wright* (1984), 121 Ill. App. 3d 230, 459 N.E.2d 305), plaintiff has waived any impropriety in this argument by her failure to object thereto (see *Principato v. Rudd* (1981), 102 Ill. App. 3d 362, 430 N.E.2d 63). Moreover, the record contains no transcript of the conference on instructions and, in the absence thereof, plaintiff is barred from raising the argument here that the issues instruction given at the request of defendant was improper because of reference that defendant McAllister claims plaintiff was contributorily negligent in failing to use a seat belt. (See *Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 415 N.E.2d 337.) In this regard, we note also that plaintiff does not allege in her brief that she objected to the issues instruction as given. In the light thereof, we conclude that she failed to properly preserve this issue for appeal.

Plaintiff next contends that the trial court erred in denying her motion to strike McAllister's affirmative defense, which alleged that he was the agent of plaintiff at the time of the occurrence in question and thus that any negligence attributable to him should be imputed to her as his principal and any award of damages to her should be reduced by the percentage of negligence attributable to him.

■ The negligence of the driver of a motor vehicle is imputable to an owner-passenger by a third party where the doctrine of *respondeat superior* applies between the driver and the owner-passenger or where they are engaged in a joint enterprise (*Summers v. Summers* (1968), 40 Ill. 2d 338, 239 N.E.2d 795; *Staken v. Shanle* (1959), 23 Ill. App. 2d 269, 162 N.E.2d 604; see Restatement (Second) of Agency sec. 415, comment b (1958), and Prosser, Torts sec. 72, at 480 (4th ed. 1971)), but in an action by the owner-passenger against the driver of a motor vehicle, the negligence of the driver is not imputable to the owner-pas-

senger (*Summers v. Summers* (1968), 40 Ill. 2d 338, 239 N.E.2d 795; *Guthrie v. Van Hyfte* (1966), 36 Ill. 2d 252, 222 N.E.2d 492; see Restatement (Second) of Agency sec. 415, comment b (1958) and Prosser, Torts sec. 72, at 480 (4th ed. 1971)). Even in the absence of a *respondeat-superior* relation or a joint enterprise, the owner-passenger could be liable to a third party for the negligent failure to properly control the conduct of the driver (*Bauer v. Johnson* (1980), 79 Ill. 2d 324, 403 N.E.2d 237; see Restatement (Second) of Torts sec. 495 (1965)); however, the owner-passenger's liability therefor is not on the theory that the negligence of the driver is imputed to the owner-passenger, but on the basis of the latter's own negligence in failing to control the conduct of the driver (*Bauer v. Johnson* (1980), 79 Ill. 2d 324, 403 N.E.2d 237; *Palmer v. Miller* (1942), 380 Ill. 256, 43 N.E.2d 973). Cases from other jurisdictions involving similar facts have come to the same conclusion. See *Williams v. Knapp* (1968), 248 Md. 506, 237 A.2d 450; *Parrish v. Walsh* (1982), 69 Ohio St. 2d 11, 429 N.E.2d 1176; *Reeves v. Harmon* (Okla. 1970), 475 P.2d 400.

In the light of the above, the trial court should have stricken McAllister's affirmative defense on the basis that his negligence was not imputable to plaintiff in her action against him; however, we note that the motion to strike was *in limine* and, in denying it, the trial court stated it was premature and that it would be ruled upon "when it comes to instructing the jury." It appears that no request for a ruling was made thereafter, and because there was also no objection to the given instruction imputing McAllister's negligence to plaintiff, we find that this issue has been waived and cannot be raised on appeal. (*Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 394 N.E.2d 1273.) In any event, plaintiff was not prejudiced because the jury did not impute to plaintiff the negligence of McAllister. This is reflected in its findings attributing 60% negligence to plaintiff and 40% to McAllister. Had the jury imputed the latter's negligence to plaintiff, it would necessarily have found her 100% negligent.

Plaintiff also contends, and we agree, that the trial court erroneously reduced her damages award to zero by finding as a matter of law that the negligence of McAllister was imputed to her. In entering judgment, the trial court ordered "that the jury's finding of damages in the sum of $14,525, having been reduced by plaintiff's 60% negligence; and the 40% negligence of the defendant McAllister having been imputed to the plaintiff Sewell as principal of agent McAllister; the plaintiff Sewell is awarded zero damages." Because, as set forth above, McAllister's negligence was not imputable to plaintiff in her action against him, the court improperly reduced plaintiff's award by the 40%

negligence attributable to McAllister, and to that extent we will reverse the order appealed from and direct, on remand, that the order be amended to award damages in the amount of $5,810 (40% of $14,525) to plaintiff and against defendant McAllister.

■ The final contention of plaintiff is that the verdict in favor of Wofford and Checker was against the manifest weight of the evidence. Citing no authority whatsoever, she argues in effect that the verdict should not stand because three witnesses testified in her case and only one for these defendants. We find this argument to be without merit. The jury's finding should not be disturbed unless the opposite conclusion is clearly evident or the finding is unreasonable, arbitrary, and not based upon the evidence (*Gabrenas v. R. D. Werner Co.* (1983), 116 Ill. App. 3d 276, 451 N.E.2d 1307), and we note here that the jury was presented with a choice between two basic versions concerning the occurrence. Wofford testified that plaintiff's vehicle struck his cab from the rear as it was stopped at a red light. Plaintiff, Cole, and McAllister testified that the cab backed up into their car. While plaintiff argues that the jury disregarded the testimony of Cole, whom she characterizes as "an uninterested occurrence witness," we note that Cole was plaintiff's cousin, was a passenger in her car, and lived with her in her townhouse. Although not a party to the litigation, he can hardly be characterized as "uninterested." Finally, the record discloses that Wofford's version of the occurrence was supported by the testimony of the police officer arriving at the scene shortly after the accident. He testified that all parties told him that plaintiff's vehicle struck the taxi as it was stopped for a red light. Inherent in the jury's verdicts is a finding that plaintiff's automobile ran into the rear of the cab which was stopped for a traffic light, and we believe this finding was reasonable and based upon the evidence.

We affirm that part of the judgment order entered in favor of defendants Wofford and Checker Taxi Company and against plaintiff. We also affirm that part of the judgment order reducing the $14,525 verdict of the jury against McAllister by the 60% negligence attributable to plaintiff, but we reverse that portion of the order which further reduced the award by the 40% negligence attributable to McAllister, and we remand this matter to the trial court with a direction to amend its judgment order to reflect an award of damages to plaintiff and against defendant McAllister in the amount of $5,810.

Affirmed in part; reversed in part; remanded with directions.

LORENZ and PINCHAM, JJ., concur.