(No. 30112.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDDIE KIRKRAND, Plaintiff in Error.

*Opinion filed September 18, 1947.*

EDDIE KIRKRAND, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and W. S. MIROSLAWSKI, all of Chicago, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Eddie Kirkrand, who appears *pro se,* was convicted in 1944 in the criminal court of Cook county of the crime of robbery while armed with a dangerous weapon. The indictment charged armed robbery and set up in apt words a prior indictment and conviction for burglary. He was tried by a jury and found guilty of the crime of armed robbery and that he had theretofore been convicted of burglary in manner and form as charged in the indictment. After a motion for a new trial had been overruled he was sentenced to the penitentiary for life, which was the maximum term for the offense of which he was last convicted.

Plaintiff in error raises no question as to his conviction or that he had formerly been convicted of burglary, which was alleged in aggravation, but contends he was indicted as a second offender; that the indictment was erroneous for the reason that he is a third offender. It seems to be his position that because he committed two offenses rather than one prior to the instant case, he is improperly charged as an habitual criminal; that punishment as an habitual criminal is restricted by the words in the act "committed after the first conviction," and that this first offense should be alleged in aggravation to support an habitual count; that it is improper to allege the second because the statute refers specifically to the first conviction; that as the statute authorizes a more severe punishment to be inflicted, it must be strictly construed and should not be extended by its application to cases which do not by the strictest construction come under its provisions.

This court has held that a criminal or penal statute is to be construed in favor of the accused and nothing is to be taken by intendment or implication against him beyond the literal and obvious meaning of the statute. The object, however, in construing criminal and penal, as well

as all other statutes, is to ascertain the legislative intent. The rules as to strict or literal construction are of value only as assisting in finding the real meaning of the statute. (*People* v. *Lund,* 382 Ill. 213.) The ascertainment of the legislative intent is, even where penal statutes are concerned, the sole legitimate purpose of judicial construction, and the rule of strict construction is to be utilized along with the various other rules of construction simply as a means of discerning and making the means of legislative intent effective. It is true penal laws are to be construed strictly but they are not to be construed so strictly as to defeat the obvious intention of the legislature. An interpretation of this statute under these rules reveals that whenever any person has been convicted of the crimes therein mentioned, and shall thereafter be convicted of any such crimes after having been first convicted, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crimes at the time of the last conviction thereof. As we have repeatedly held, where a prior conviction is alleged in an indictment under the Habitual Criminal Act, the averment of such prior conviction is not an ingredient of the offense charged in the indictment. The Habitual Criminal Act does not create a new or independent crime. It merely prescribes circumstances under which one found guilty of a specific crime may be more severely punished because of a prior conviction or convictions. The punishment is for the new crime only. The penalty is increased by the statute because a defendant is an habitual criminal. The prior conviction alleged is merely a matter of aggravation relating solely to the punishment to be imposed. (*People* v. *Atkinson,* 376 Ill. 623.) As was said in the case of *People* v. *Langford,* 392 Ill. 584, "There was only one count in the indictment. This count, after properly charging him with having committed the offense of armed robbery, alleged two prior convictions in aggravation, affecting only the pun-

ishment to be inflicted. The allegations of the prior convictions, as already observed, were not ingredients of the offense charged, but are to be regarded only as matters in aggravation."

If plaintiff in error, as he admits, has been convicted of two prior offenses embraced in the Habitual Criminal Act, both of such prior convictions could have been properly alleged in aggravation in the indictment, but as to whether either one or both are alleged would make no difference if he was found guilty thereof. In either case, under the statute he is guilty of being an habitual criminal. It is a well-settled rule that a penal statute must be construed with such strictness as to carefully guard the rights of the accused and at the same time preserve the obvious intention of the legislature. It is clearly the obvious intent of the legislature to increase the punishment of persons because of prior conviction or convictions, and whether the prior conviction is a first or second, if time is served in the penitentiary, the punishment under the statute is the same. Plaintiff in error's contention in this regard cannot be sustained.

Plaintiff in error further fails to show by proper certified common-law record that he was ever convicted of more than one offense, as alleged in the indictment, which renders him an habitual criminal. It is true, he attaches two *mittimuses* to the common-law record which indicate prior convictions but they are not a part of the complete common-law record which has been certified as such by the clerk of the criminal court of Cook county in the pending cause. His position in this regard is not tenable, but, even so, as we have above set out, it could not in any way aid the defendant.

For the foregoing reasons, the judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*