(No. 33360.—

A'CME FIREWORKS CORPORATION, Appellee, *vs.* JOSEPH BIBB, Director of the Department of Public Safety, *et al.,* Appellants.

*Opinion filed April 19, 1955—Rehearing denied June 10, 1955.*

LATHAM CASTLE, Attorney - General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellants.

JACOB STAGMAN, of Chicago, (ERWIN H. GREENBERG, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

We consider here an appeal from a decree of the circuit court of Cook County entered in a proceeding for a declaratory judgment instituted by appellee, the Acme Fireworks Corporation, against appellants who are Joseph Bibb and Latham Castle, Director of Public Safety and Attorney General, respectively. The primary issue raised by the complaint was whether the General Assembly, by certain amendatory fireworks legislation enacted in 1953, intended to prohibit the sale of "sparklers" in this State. An alternative issue embraced the question of whether such a prohibition was a constitutional exercise of the State's police power. When appellants elected to stand upon an unsuccessful motion to strike the complaint, the court entered a decree that the amendatory act did not apply to the "manufacture or sale" of sparklers, or, that if it was the legislative intent to prohibit their manufacture and sale, then the act is invalid and unconstitutional insofar as it applies to appellee. This appeal has followed, and our first determination must be whether the legislature has in fact prohibited the sale of sparklers.

Recourse to the history of fireworks legislation in this jurisdiction, shows that the General Assembly first entered

the field in 1935, when it enacted as part of the Criminal Code, "An Act relating to the manufacture, possession, storage, transportation, sale and use of fireworks throughout the State of Illinois." (Laws of 1935, p. 881; Smith-Hurd's Stat. 1935, chap. 38, pars. 276.1-276.26.) Section 2 of the act contained several definitions, two of which are as follows: "(a) The term 'fireworks' shall mean and include any combustible or explosive compositions, or any substance or combination of substances or articles prepared for the purpose of producing a visible or audible effect by combustion, explosion, deflagration or detonation.  *  *  * (c) The term 'fireworks factory building' shall mean any building or other structure in which the manufacture of fireworks other than sparklers, or in which any processing involving fireworks other than sparklers is carried on." An amendment to section 2, enacted in 1951, continued the definition quoted in subsection (c) above but changed the definition of "fireworks" to read as follows:

"(a) The terms fireworks shall mean and include any explosive composition or any substance or combination of substances, or articles prepared for the purpose of producing an audible effect by explosion, or detonation, and shall include blank cartridges, toy cannons, in which explosives are used, the type of balloons which require fire underneath to propel the same, firecrackers, torpedoes, sky rockets, Roman Candles, bombs or other fireworks of like construction and any fireworks containing any explosive compound; or any tablets or other device containing any explosive substance; provided, however, that the term 'fireworks' shall not include sparklers, toy pistols, toy canes, toy guns, or other devices in which paper caps containing twenty-five hundredths grains or less of explosive compound are used, provided they are so constructed that the hand cannot come in contact with the cap when in place for the explosion, and toy pistol paper caps which contain less than twenty-five hundredths grains of Explosive mixture, the

sale and use of which shall be permitted at all times."
(Ill. Rev. Stat. 1951, chap. 38, par. 276.2.) Appellants
conceded that this act purports only to regulate the manu-
facture, storage and sale of fireworks as defined therein
and that it does not apply to sparklers.

It was not until 1941 that the General Assembly first
sought generally to prohibit the sale of fireworks when it
adopted "An Act to prohibit the sale, offering or exposing
for sale of fireworks; defining fireworks and to regulate
the manner of using fireworks, and to provide penalties
for the violation of the provisions of the Act." (Laws of
1941, vol. 2, p. 430; Ill. Rev. Stat. 1941, chap. 38, pars.
276.27-276.31.) The first section of this enactment de-
fined "fireworks" as follows: "Section 1. The term fire-
works shall mean and include any explosive composition,
or any substance or combination of substances, or article
prepared for the purpose of producing an audible effect by
explosion, deflagration or detonation, and shall include
blank cartridges, toy cannons, in which explosives are used,
the type of balloons which require fire underneath to propel
the same, firecrackers, torpedoes, skyrockets, Roman can-
dles, bombs, or other fireworks of like construction and
any fireworks containing any explosive compound, or any
tablets or other device containing any explosive substance;
provided, however, that the term 'fireworks' shall not in-
clude sparklers, toy pistols, toy canes, toy guns, or other
devices in which paper caps containing twenty-five hun-
dredths grains or less of explosive compound are used,
providing they are so constructed that the hand cannot
come in contact with the cap when in place for the ex-
plosion, and toy pistol paper caps which contain less than
twenty hundredths grains of explosive mixture, the sale
and use of which shall be permitted at all times." It is to
be noted that the legislature again dealt with sparklers in
terms and affirmatively stated that they were not included
within the definition.

In 1953, the sixty-eighth General Assembly amended the definition of fireworks last quoted to read as follows: "Sec. 1. The term fireworks shall mean and include any explosive composition, or any substance or combination of substances, or article prepared for the purpose of producing an audible effect by explosion, deflagration or detonation, *or for the purpose of producing visual effects,* and shall include blank cartridges, toy cannons, in which explosives are used, the type of balloons which require fire underneath to propel the same, firecrackers, torpedoes, skyrockets, Roman candles, bombs, or other fireworks of like construction and any fireworks containing any explosive compounds, or any tablets or other device containing any explosive substance, *or containing combustible substances producing visual effects:* provided, however, that the term 'fireworks' shall not include, toy pistols, toy canes, toy guns, or other devices in which paper caps containing twenty-five hundredth grains or less of explosive compound are used, providing they are so constructed that the hand cannot come in contact with the cap when in place for the explosion, and toy pistol paper caps which contain less than twenty hundredths grains of explosive mixture, the sale and use of which shall be permitted at all times." [Emphasis supplied.] (Ill. Rev. Stat. 1953, chap. 38, par. 276.27.) The emphasized phrases in the foregoing quotation constitute the only matter that was added to the section by the amendment, whereas the omission of the word "sparklers" from the exceptions to the definition was the only deletion.

Drawing upon several familiar rules of statutory construction and pointing to the express language of the amendment, appellants assert that the term "sparklers" was deliberately deleted to enlarge the prohibitive scope of the act of 1941, and that when the deleted word is contrasted with the inclusion of terms directed to fireworks producing "visual effects," it follows that the legisla-

ture intended to remove sparklers from the designation of those fireworks which could be sold and to add them to the prohibited list. Appellee, however, argues that the legislative intent is not clear and, adverting to still other rules of construction, contends that the effect of the amendment was to exclude sparklers from regulation by the statute or, in the alternative, that the statute being penal in nature and in derogation of appellee's common-law right to engage in a lawful business, is to be strictly construed and may not be extended by construction or implication.

A principle firmly established by the decisions of this court is that a statute itself affords the best means of its exposition and if the legislative intent can be ascertained from its provisions, such intent will prevail without resorting to other aids for construction. (*American Steel Foundries* v. *Gordon,* 404 Ill. 174; *Illinois Bell Telephone Co.* v. *Fox,* 402 Ill. 617.) When applied to the facts of the present case, it becomes manifest that the amendment contains no direct or express language which, standing alone, shows that it was the legislative intent to prohibit the sale of sparklers. We must, therefore, as the parties have done, resort to aids of construction to determine if such was the case.

When dealing with the construction and interpretation of amendatory acts, we have many times held that the presumption is that every amendment of a statute is made to effect some purpose, and that effect must be given the amended law in a manner consistent with the amendment. (*McLaughlin* v. *People,* 403 Ill. 493, 501; *City of Chicago* v. *Jewish Consumptives Relief Society,* 323 Ill. 389, 392; *Lindley* v. *Murphy,* 387 Ill. 506, 519.) Thus, in the present case, appellants point to the phrases of the amendment relating to substances producing "visual effects" and assert that by the addition of such phrases the legislature obviously increased the scope of the definition of prohibited fireworks to include those which produce a visual effect

without any characteristic explosion or detonation. We think it must be agreed that such a change of the general definition was effected. Next, pointing to authorities which support the proposition that the deletion of the word "sparklers" from the act must be deemed to have been deliberately done, appellants urge that because sparklers produce visual effects, the deletion was made with the intention of redefining sparklers as a prohibited firework. We do not agree, however, that such a purpose was clearly expressed or that it is necessarily implied from the terms used.

To the end that the intent of the legislature may be ascertained and given effect, it has been held that the history of the legislation and the course it has taken are proper matters to be considered. (*Anderson* v. *City of Park Ridge,* 396 Ill. 235; *Scofield* v. *Board of Education,* 411 Ill. 11.) Recourse to fireworks legislation in this jurisdiction shows that the legislature has, in every instance, save the amendment under consideration, dealt with sparklers in express terms. Similarly, from the date of the first prohibitory enactment in 1941 until the amendment of 1953, sparklers, by express direction of the legislature, were in all cases specifically excluded from the definition of fireworks. While we do not suggest that the effect of the fireworks regulations and prohibitions were intended to be restricted to such items, it is to be noted also that in all its enactments on the subject, the legislature has specifically designated by popular or common name, whenever possible, those fireworks included within the definition. Thus we think the pattern of the legislation directly and indirectly affected by the amendment makes it questionable as to whether the broad and general language relating to substances and combustibles producing visual effects was added with the intention of prohibiting the sale of sparklers. Apart from the uncertainties arising from the legislative failure to follow its hitherto consistent practice of dealing

with sparklers in terms, we are of the opinion that further doubt as to the intended scope of the amendment arises from the fact that section 2 of the Fireworks Regulation Act (Ill. Rev. Stat. 1953, chap. 38, par. 276.2,) being the act which regulates principally the manufacture, possession, storage and transportation of fireworks, still contains the provision that the term "fireworks" shall not include sparklers. When the continued existence of this express statutory definition that sparklers are not fireworks, is measured against the general and somewhat vague prohibition of the 1953 amendment against substances or combustibles producing visual effects, we think it dubious as to whether it was the legislative intent to prohibit the sale of sparklers. It would seem unlikely that sparklers would be defined as fireworks for one purpose and as not being fireworks for another purpose.

Appellee has properly pointed out that the act in question is in derogation of the common-law right to engage in a lawful business. In addition, the act is highly penal, for one violating its provisions is subject to fine, imprisonment or both. It has long been a rule of construction that a statute will be construed as changing the common law only to the extent the terms thereof warrant, or as necessarily implied from what is expressed. (*Thompson* v. *Weller*, 85 Ill. 197; *Cedar Park Cemetery Ass'n* v. *Cooper*, 408 Ill. 79; 3 Sutherland on Statutory Construction, sec. 6201.) Equally familiar is the rule that when a statute is penal in its nature, it cannot be extended by intendment or implication to embrace matters beyond its terms. (*Wayland* v. *City of Chicago*, 369 Ill. 43; *People* v. *Lund*, 382 Ill. 213.) Should a statute under examination be both remedial and penal, it will be construed with at least a reasonable degree of strictness so as to not include anything beyond the immediate scope and object, even though it be within its spirit. This bars adding anything to the statute by inference or intendment. (*Cedar Park Ceme-*

*tery Ass'n* v. *Cooper,* 408 Ill. 79; 50 Am. Jur., Statutes, sec. 423.) It is equally true, however, that the meaning of a penal statute should not be distorted by such a narrow construction as to defeat its purpose. *People* v. *Kirkrand,* 397 Ill. 588; *Regan* v. *Kroger Grocery & Baking Co.* 386 Ill. 284.

When the act relating to the sale of fireworks, as amended in 1953, is measured by the foregoing rules, we are of the opinion that the doubts which attend the language employed require a strict construction of the statute. It could only be by presumption and implication that we could say that the legislature had prohibited and made criminal the sale of sparklers, for there is no clear expression to that effect. We are not permitted to extend the meaning of the statute in such a manner and we think this is particularly true in the present case where the conduct sought to be prohibited by implication had been designated as permissible conduct by specific statutory definition for over eighteen years.

We conclude that the circuit court of Cook County properly held that the act, as amended, does not apply to the sale, offering or exposing for sale of sparklers, a result which makes it unnecessary for us to consider the issue of whether it is within the police power of the State to prohibit the sale of such an item. For the reasons stated, therefore, the decree of the lower court is affirmed.

*Decree affirmed.*

Mr. JUSTICE SCHAEFER, dissenting:

I dissent because it seems clear to me that the General Assembly intended to subject the sale of sparklers to the same regulations which govern the sale of other kinds of fireworks. The 1941 act, with which we are concerned, permits the sale of fireworks to State and county fair associations for public displays, and to those who hold permits issued by local governmental units for supervised public

displays. It prohibits sales to and use by others. Section 1 of the act defines "fireworks." It contains a general definition, and a proviso excluding a group of enumerated articles which would otherwise fall within the general definition. It is the 1953 amendment to that section which is now before us. The amendment made only two changes in the existing section. It amended the general definition to include "any substance or combination of substances, or articles prepared * * * for the purpose of producing visual effects." And it removed "sparklers" from the list of excluded articles contained in the proviso.

The opinion concedes that sparklers fall within the expanded definition. That would seem to dispose of the question without more, for sparklers are not excluded from the definition. And when it is also considered that the sparklers were deliberately removed from the list of excluded articles, the meaning is unmistakable.

The opinion rests upon two grounds. The first is "that the legislature has in every instance, save the amendment under consideration, dealt with sparklers in express terms." It is true that the legislature dealt wth sparklers in express terms when it specifically included them within the exceptions from the general definition of "fireworks." But it seems to me that it dealt with them in an equally express way when it specifically excluded sparklers from the list of exceptions. Of course there are many ways in which the legislature might have stated its purpose. It may legislate by general definition or by particularized enumeration, and its choice is a matter of taste. It used the existing statute as a starting point, and the method which it employed seems to me to express clearly its purpose to bring sparklers within the scope of the act. No other purpose is suggested.

The second ground upon which the opinion is based is that the General Assembly did not similarly amend the definition of "fireworks" in section 2 of the 1935 act,

which relates to the manufacture of fireworks, to prohibit the manufacture of sparklers. But the fact that the General Assembly, in regulating factories in which fireworks are manufactured, limits itself to a "building or structure in which the manufacture of fireworks, other than sparklers * * * is carried on" seems to me to have no bearing whatever upon the question before us. I see nothing to prevent the General Assembly from deciding that manufacture for use outside the State should be permitted, while sale at retail and use within the State should be regulated or prohibited.

In my opinion the meaning of the amendment is clear, and this court should pass squarely upon its validity.

Mr. JUSTICE HERSHEY concurs in the foregoing dissent.