Molex, Incorporated, Petitioner-Appellant, *v.* The Pollution Control Board *et al.,* Respondents-Appellees.

(No. 57015;

First District—January 29, 1973.

Harry D. Lavery, Joseph S. Wright, Jr., W. Gerald Thursby, and Lawrence M. Gill, all of Chicago, (Berger, Newmark & Fenchel, and Hackbert, Rooks, Pitts, Fullagar & Poust, of counsel,) for appellant.

William J. Scott, Attorney General, of Chicago, (Douglas T. Moring, Joseph V. Karaganis, and Harvey M. Sheldon, of counsel,) for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

On June 23, 1971, Molex, Inc., petitioner, mailed a letter to the Air Pollution Control Board requesting a variance under the provisions of the Environmental Protection Act. (Ill. Rev. Stat. 1971, ch. 111½, par. 1001, *et seq.*) A hearing was held; and, on January 6, 1972, the Board entered an order granting Molex, Inc. a variance to emit particulate air contaminants in excess of the allowable limits contained in the Board's applicable rules and regulations until May 22, 1972, subject to certain conditions. Among the conditions imposed by the Board was payment by Molex to the Illinois Environmental Protection Agency of $10,000 as a penalty for past delays in controlling particulate emissions and the posting of a bond.

On January 31, 1972, the Board entered an order denying the motion of Molex to set aside the penalty and bond requirement of the order of January 6, 1972.

Molex appeals directly to this court (Ill. Rev. Stat. 1971, ch. 111½, par. 1041), seeking a modification of the Board's order as regards payment of the penalty of $10,000.

In our opinion, the controlling issue in the case at bar is whether the Pollution Control Board has the statutory authority to impose a penalty as a condition to granting a variance.

■■ The briefs contain exhaustive arguments as to the interpretations that should be placed on the pertinent sections of the Act. However, it is unnecessary to discuss them because the question of whether the Environmental Protection Act authorizes the Pollution Control Board to impose a penalty as a condition to the granting of a variance in proceedings under the Act was decided in the recent case of *Citizens Utilities Co. of Illinois v. Illinois Pollution Control Board,* 9 Ill.App.3d 158, 289 N.E.2d 642, opinion rendered November 16, 1972. The court there held that "* * * the legislative reference in section 37, which governs variances, to the procedure sections of the Act (Title VIII, sections 32 and 33(a)), excluding any references to enforcement orders and penalties, indicates a specific intent to exclude penalties as a part of the conditions of the grant of a variance." Also, "In light of section 37's non-reference to section 33(b) in variance proceedings, and the Board's ability to pursue enforcement procedures, the general language in sections 33(a) and 36(a) relied on by the Board should not be read to authorize the imposition of penalties in variance proceedings. If the legislature had intended to allow the imposition of penalties in variance proceedings, it would have used language that plainly expressed such a purpose, as it did for enforcement proceedings". It has been held that when a statute is penal in nature, it cannot be extended by intendment or implication to embrace matters beyond its terms. *Acme Fireworks Corp. v. Bibb* (1955), 6 Ill.2d 112, 119, 126 N.E.2d 688.

■■ We are of the opinion that a careful reading of the enforcement provisions (Title VIII) and the variance provisions (Title IX) clearly indicates that the legislature intended the hearings for a variance under section 37 of the Act shall be held under the rules prescribed in sections 32 and 33(a). We believe that the legislature intentionally omitted the provisions of section 33(b) from applying to a variance hearing under section 37; and, therefore, under a strict interpretation of the Act the Board does not have the power to impose a penalty as a condition to granting a variance under the Environmental Protection Act.

In light of the foregoing, it is our opinion that there is no necessity for the court to consider the constitutional issues and the procedural points discussed by the parties.

The order appealed from is modified by striking paragraph 4, regarding penalty and bond. In all other respects said order is affirmed.

Order affirmed as modified.

BURKE, P. J., and EGAN, J., concur.