(No. 56886.—

*In re* W.W., a Minor, Appellant (The People of the State of
Illinois, Appellee).

*Opinion filed May 18, 1983.—Rehearing
denied September 30, 1983.*

G. Joseph Weller, Deputy Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Theodore J. Floro, State's Attorney, of Woodstock (Phyllis J. Perko and William L. Browers, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

JUSTICE MORAN delivered the opinion of the court:

After a history of delinquency not relevant to this appeal, the circuit court of McHenry County adjudicated the respondent, W.W., delinquent and adjudged him a ward of the court. At a subsequent dispositional hearing, respondent was committed to the Department of Corrections. The appellate court affirmed the committal by order (103 Ill. App. 3d 1203) pursuant to Supreme Court Rule 23 (73 Ill. 2d R. 23). Thereafter, upon the State's motion, the appellate court assessed State's Attorney fees for defending the appeal against respondent in the amount of $50. We

granted respondent's petition for leave to appeal.

There is but one question presented: Can a minor be assessed State's Attorney fees as costs for an unsuccessful appeal?

The State moved for the assessment of its attorney fees against respondent under section 8 of "An Act concerning fees and salaries ***," which provides in relevant part:

"State's attorneys shall be entitled to the following fees ***:

\* \* \*

For each case of appeal taken *** to the Supreme or Appellate Court when prosecuted or defended by him, $50.

\* \* \*

All the foregoing fees shall be taxed as costs to be collected from the defendant, if possible, upon conviction. But in cases of inquiry into the mental illness of any person alleged to be mentally ill, in cases on a charge of paternity and in cases of appeal in the Supreme or Appellate Court, where judgment is in favor of the accused, the fees allowed the State's Attorney therein shall be retained out of the fines and forfeitures collected by them in other cases." Ill. Rev. Stat. 1979, ch. 53, par. 8.

The allowance and recovery of costs, being unknown at common law, rests entirely upon statutory provisions which must be strictly construed. (*People v. Nicholls* (1978), 71 Ill. 2d 166, 173.) In *Nicholls*, a criminal defendant challenged the appellate court order assessing State's Attorney fees as costs on appeal. This court found basic authority for assessing prosecution costs against criminal defendants in the criminal costs statute, which provides:

"When any person is convicted of an offense under any statute, or at common law, the court shall give judgment that the offender pay the costs of the prosecution." (Ill. Rev. Stat. 1975, ch. 38, par. 180—3.)

After quoting this statute, section 8 of the fees and salaries act (Ill. Rev. Stat. 1975, ch. 53, par. 8) and two sec-

tions in "An Act to revise the law in relation to costs" (Ill. Rev. Stat. 1975, ch. 33, pars. 22, 25), this court said: "[These] statutory provisions, when read together, indicate a legislative scheme which authorizes the assessment of State's Attorneys' fees as costs in the appellate court against an unsuccessful criminal appellant upon affirmance of his conviction." 71 Ill. 2d 166, 174.

Respondent asserts there is no provision similar to the criminal costs statute in the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 701—1 *et seq.*) which would authorize an assessment of unsuccessful appeal costs against minors. He also notes that the appellate court previously has refused to impose court costs, or State's Attorney *per diem* fees, on minors for this very reason. *In re J.M.S.* (1981), 92 Ill. App. 3d 1141; *In re G.B.* (1980), 88 Ill. App. 3d 64, *rev'd on other grounds* (1981), 88 Ill. 2d 36.

The State argues section 8 alone provides sufficient authority to assess such costs. It emphasizes the statutory language which provides that State's Attorneys are entitled to fees "[f]or *each* case of appeal taken *** to the Supreme or Appellate Court" and that *"[a]ll* the foregoing fees shall be taxed as costs to be collected from the defendant, if possible, upon conviction." (Emphasis added.) The State points out the legislature provided three specific instances in which State's Attorneys were to obtain their fees from fines and forfeitures collected in other cases. Those concern cases inquiring into the alleged mental illness of any person, cases on a charge of paternity and cases of appeal in which the State does not prevail. The State stresses the legislature failed to include as an exception cases on appeal from delinquency proceedings in which the State prevails.

Relying on the rule of statutory construction that an expression of certain exceptions in a statute is to be interpreted as an exclusion of all others, the State maintains the legislature did not intend to exempt juvenile delin-

quents from payment of statutory State's Attorney fees. This contention, however, ignores the well-established rule that statutes in derogation of the common law are to be strictly construed in favor of persons sought to be subjected to their operation. Our courts will read nothing into such statutes by intendment or implication. *Barthel v. Illinois Central Gulf R.R. Co.* (1978), 74 Ill. 2d 213, 220; *Summers v. Summers* (1968), 40 Ill. 2d 338, 342; *Lites v. Jackson* (1979), 70 Ill. App. 3d 374, 375-76.

Even if a statute has remedial features but is in derogation of the common law, it will be strictly construed when determining what persons come within its operation. (*Cedar Park Cemetery Association, Inc. v. Cooper* (1951), 408 Ill. 79, 82-83; *Lites v. Jackson* (1979), 70 Ill. App. 3d 374, 376.) Moreover, such statutes will not be extended any further than what the language of the statute absolutely requires by its express terms or by clear implication. *Walter v. Northern Insurance Co.* (1938), 370 Ill. 283, 288-89; 73 Am. Jur. 2d *Statutes* sec. 288 (1974).

In strictly construing section 8 in favor of the minor, we do not find a clear legislative expression in its language imposing State's Attorney fees for an unsuccessful appeal against minors. In addition, there is no juvenile costs statute similar to the criminal costs statute which, when read with section 8, would indicate a legislative scheme authorizing assessment of such costs. Nor do we believe such an assessment is clearly implied from the provisions in section 8.

Section 8 specifically provides that State's Attorney fees are to be taxed as costs and collected from the "defendant," if possible, upon "conviction." In *In re Beasley* (1977), 66 Ill. 2d 385, 389, this court said juvenile proceedings are not criminal in nature. As such, a minor is neither "convicted" nor considered a "defendant" or an "accused." Nor is a proceeding under the Juvenile Court Act denominated a "conviction." (*In re R.R.* (1979), 75 Ill.

58

App. 3d 494.) Rather, such proceedings are to be administered in a spirit of humane concern for the minor and to promote both the welfare of the minor and the best interests of the community. Ill. Rev. Stat. 1979, ch. 37, par. 701—2; *In re Beasley* (1977), 66 Ill. 2d 385, 389.

We do not believe assessing a minor $50 for an unsuccessful appeal would further the purposes and policy expressed in the Juvenile Court Act. Nor do we find the legislature, through section 8, necessarily intended such an assessment. As this court said in *Nicholls*: "In light of present-day county budgeting and accounting procedures, the provisions of section 8 (Ill. Rev. Stat. 1975, ch. 53, par. 8) relating to State's Attorney fees may appear to be a relic of another era which might well merit the attention of the legislature." (*People v. Nicholls* (1978), 71 Ill. 2d 166, 179.) Under these circumstances, we will not extend this provision by intendment or implication to assess State's Attorney fees on appeal against minors.

For the reasons stated, the appellate court's order assessing State's Attorney fees against the respondent is vacated.

*Order vacated.*