*In re* LUCILLE PRIOR (Kathryn Hufnagle, Petitioner-Appellee, *v.* Lucille Prior, Respondent-Appellant).

Third District   No. 82—774

Opinion filed July 25, 1983.

HEIPLE, J., dissenting.

David B. Radley and Cathleen L. Hines, both of Baymiller, Christison & Radley, and Dorian B. LaSaine, both of Peoria, for appellant.

No brief filed for appellee.

JUSTICE SCOTT delivered the opinion of the court:

On September 10, 1982, Ms. Kathryn Hufnagle, a speech therapist, petitioned the circuit court of Peoria County to have Lucille Prior, age 75, declared a disabled person and to have Thomas H. Trager, the public guardian of Peoria County, appointed as guardian of Lucille Prior's estate. (Ill. Rev. Stat. 1981, ch. 110½, par. 11a—3.) Mrs. Prior had suffered a stroke, resulting in paralysis of her right side and loss of speech. A physician's report attached to the petition indicated that Mrs. Prior's mental health was good and essentially normal.

Judge John D. Sullivan appointed Thomas Trager the temporary guardian of Lucille Prior's estate on the day the petition was filed. Three days later, on September 13, 1982, Dorian B. LaSaine was appointed guardian *ad litem* for Mrs. Prior in preparation for a hearing on the petition for guardianship. Ill. Rev. Stat. 1981, ch. 110½, pars. 11a—4, 11a—10(a).

Following a hearing on October 1, 1982, the petition for appointment of a permanent guardian was dismissed. Subsequently, Attorney LaSaine petitioned the court for guardian *ad litem* fees. Thomas Trager, in his capacity as public guardian and as temporary guardian for the estate of Lucille Prior, also petitioned the court for attorney fees and costs. At the conclusion of a hearing on November 1, 1982, the trial judge fixed the guardian *ad litem* fees at $300 and the public guardian expenses at $652.50 for attorney fees and $86.20 for costs. It is from the taxation of these costs to Lucille Prior that this appeal is taken. Various arguments are presented: (1) that court costs should have been taxed to Ms. Hufnagle; (2) that attorney fees are not taxable as costs; (3) that the trial court abused its discretion in appointing a guardian *ad litem*; and (4) that a guardian *ad litem* fee is not taxable to Mrs. Prior.

No appellee's brief has been filed in this appeal. While a court of review is not compelled to serve as an advocate for the appellee or to search the record to sustain the judgment, where the record is simple and the claimed errors can easily be decided without the aid of an appellee's brief, the case will be decided on the merits. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) Accordingly, we will address the issues raised by the appellant in this appeal.

■ The appellant's contentions raise difficult questions of equity and fairness not easily resolved by resort to statutory interpretation.

Yet, the allowance and recovery of costs, being unknown at common law, rests entirely upon statutory provisions which must be strictly construed. (*People v. Nicholls* (1978), 71 Ill. 2d 166, 173, 374 N.E.2d 194, 197.) Statutes in derogation of the common law are to be strictly construed in favor of those persons sought to be subjected to their operation. (*Barthel v. Illinois Central Gulf R. R. Co.* (1978), 74 Ill. 2d 213, 220, 384 N.E.2d 323, 327; *Summers v. Summers* (1968), 40 Ill. 2d 338, 342, 239 N.E.2d 795, 798; *Lites v. Jackson* (1979), 70 Ill. App. 3d 374, 375-76, 387 N.E.2d 1118, 1119.) This principle applies even if a statute has remedial features. (*Cedar Park Cemetery Association, Inc. v. Cooper* (1951), 408 Ill. 79, 82-83, 96 N.E.2d 482, 484; *Lites v. Jackson* (1979), 70 Ill. App. 3d 374, 376, 387 N.E.2d 1118, 1120.) Furthermore, such statutes will not be extended to situations or persons not absolutely required by the express terms or by clear implication of the language of the statute. *In re W.W.* (1983), 97 Ill. 2d 53, 454 N.E.2d 207; *Walter v. Northern Insurance Co.* (1938), 370 Ill. 283, 288-89, 18 N.E.2d 906, 908; 73 Am. Jur. 2d *Statutes* sec. 288 (1974).

Applying these principles to the case at bar we note that the Probate Act of 1975 (hereafter referred to as the Probate Act) provides for the taxation of costs in the following relevant sections: (1) section 11a—10(a), guardian *ad litem* may be allowed reasonable compensation; (2) section 11a—13, costs pertaining to the appointment of a guardian of a disabled adult; (3) section 13—3.1, compensation of a public guardian; (4) section 13—5(g), fees for services of a public guardian; (5) section 27—4, compensation of a guardian *ad litem* or special administrator. Ill. Rev. Stat. 1981, ch. 110½, pars. 11a—10(a), 11a—13, 13—3.1, 13—5(g), 27—4.

Implicit in each of these sections is the necessity for the appointment of both a guardian of the estate of a disabled person and a guardian *ad litem*. In the present case, where the petitions for appointment of a permanent guardian were dismissed following a hearing and private counsel appeared on behalf of the allegedly disabled adult as soon as notice was received of the pending hearing on guardianship, we can find no justification in the relevant provisions of the Probate Act for the taxation of guardian *ad litem* and temporary guardian costs to the subject of the petition.

■ Guardian *ad litem* fees are to be paid in the "due course of administration." (Ill. Rev. Stat. 1981, ch. 110½, par. 27—4.) Yet, there was no administration required in the present case. Attorney LaSaine was appointed guardian *ad litem* for Lucille Prior on September 13, 1982, by Judge Sullivan. This *ex parte* appointment was

made upon the petition for appointment filed by Kathryn Hufnagle. Nine days after the appointment, on September 22, 1982, notice of a hearing on the pending guardianship petition was sent to Lucille Prior. Six days later, private counsel for Lucille Prior answered the petition for appointment of a guardian, asking that the appointment of Dorian LaSaine as guardian *ad litem* be revoked. At the October 1 hearing, Attorney Baymiller, counsel for Lucille Prior moved that Attorney LaSaine be discharged and that he be appointed to replace him. This motion was denied, erroneously, we believe, since no guardian *ad litem* is necessary when the court determines that the respondent's interests are otherwise protected. However, that issue is not before this court. We refer to it only to demonstrate that no guardian *ad litem* fees should be allowed for in-court appearances. In our opinion, the three hours listed by Attorney LaSaine for out-of-court work should likewise be disallowed, since the statute, strictly construed, does not provide for the payment of guardian *ad litem* fees prior to administration of the respondent's estate. Furthermore, in the petition filed by private counsel on behalf of Lucille Prior on September 28, 1982, the suggestion is made that Kathryn Hufnagle knew of counsel's representation of Lucille Prior before filing the petitions for appointment of a guardian and guardian *ad litem*. Although we have no way to verify this "suggested knowledge," it casts further doubt upon the necessity of the guardian *ad litem* appointment.

■ The taxation of costs for the services of Thomas Trager, public guardian of Peoria County and appointed temporary guardian of Lucille Prior's estate, against Lucille Prior is also erroneous. Although the public guardian may submit an affidavit to the court, "at such intervals as the court may direct," for fees resulting from services to a ward (Ill. Rev. Stat. 1981, ch. 110½, par. 13—5(g)), the statute does not expressly provide for the payment of such fees where the appointment as guardian is temporary and never becomes permanent.

To allow the taxation of costs to Lucille Prior as set forth in the lower court's order would be a violation of the strict rules of statutory interpretation required in such cases. In addition, it would be inequitable and unfair. Whether Kathryn Hufnagle is a volunteer and a meddler as she was characterized in the respondent's petition or is a reputable person as the statute describes, to charge costs to the estate of Lucille Prior from petitions initiated by Ms. Hufnagle is inequitable when these petitions were dismissed.

"Procedural protections are necessary, therefore, to protect disabled persons from the deleterious effects of guardianship." (Jost, *The*

*Illinois Guardianship for Disabled Adults Legislation of 1978 and 1979: Protecting the Disabled from their Zealous Protectors*, 56 Chi.-Kent L. Rev. 1087, 1089 (1980).) We think these procedural protections must and do extend to the question of imposition of unwarranted fees and costs.

■ Applying the same strict rules of statutory construction discussed earlier in this opinion, we cannot agree with the appellant-respondent's argument that the costs are properly taxable to Ms. Hufnagle under section 5—118 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 5—118). Ms. Hufnagle cannot be properly characterized as the plaintiff and the respondent as the defendant. Nor do we agree that Attorney Trager appeared as counsel for Ms. Hufnagle. As public guardian of Peoria County, he filed the petitions for guardianship signed by Ms. Hufnagle. Following his appointment as temporary guardian, he acted in that capacity. Although he performed no services as temporary guardian, he appeared in that capacity at the October 1, 1982, hearing on guardianship. He was not appearing as counsel for Ms. Hufnagle. Thus, fees for his appearances cannot be charged to her.

For the foregoing reasons, the judgment of the circuit court of Peoria County taxing costs against Lucille Prior in the amount of $1,038.70, is reversed.

Reversed.

STOUDER, P.J., concurs.

JUSTICE HEIPLE, dissenting:

The majority opinion makes bad law. And it does so under great handicaps. First, it subverts State statutes. And second, it ignores the settled legal procedures which have existed since the mind of man runneth not to the contrary. Although the opinion purports to rely on seven case citations, several sections of the Illinois Probate Act of 1975, and an article from the Chicago-Kent Law Review, not one authority cited stands for the proposition that the guardian *ad litem* appointed by the trial court is not entitled to be paid.

The facts are fairly set forth in the majority opinion. In broad outline, I repeat them here. Lucille Prior, age 75, suffered a stroke, resulting in paralysis of her right side and loss of speech. Kathryn Hufnagle, a speech therapist, petitioned the court to have Lucille Prior declared a disabled person and to have the public guardian appointed as guardian of her estate. The trial court named Dorian B. LaSaine,

an attorney, as guardian *ad litem* in preparation for the hearing on the guardianship. Mrs. Prior hired her own attorney, resisted the proceedings, and succeeded in having the proceedings terminated without the issuance of letters of guardianship. The guardian *ad litem*, for his part, acted in his appointive capacity, appeared in court and fulfilled the usual duties of such office. At the conclusion of the proceedings, the trial court fixed the guardian *ad litem* fees at $300, the public guardian expenses at $652.20 and incidental court costs of $86.20, all of which were taxed to Mrs. Prior. She resisted the taxing of these costs, and took an appeal to our court. No response was filed for the guardian *ad litem* or the public guardian.

I concur with that part of the majority opinion which disallows $652.50 taxed as costs for the public guardian. The public guardian, after all, never served in this case and is not entitled to compensation. I most strongly dissent, however, from that portion of the majority opinion which disallows the $300 awarded to the guardian *ad litem* to be taxed as costs along with the $86.20 miscellaneous costs.

From time immemorial, trial courts have designated guardian *ad litems* to be appointed in proceedings where necessary to prosecute or defend a suit on behalf of a party incapacitated by infancy, mental or physical state or otherwise. The guardian *ad litem* serves as an officer of the court and as an aid to the court to ensure that the rights of the alleged incapacitated person are fully protected. Such appointive powers are not only part of the traditional and historical inherent powers of the courts, but they are further alluded to and authorized in numerous Illinois statutes. It has also been customary and traditional to compensate the guardian *ad litem* from the estate of the incapacitated person since the services are rendered for that person's benefit.

And, in the instant case, the trial court is mandated ("shall appoint") to appoint a guardian *ad litem*; and to see to it ("shall enter an order") that the guardian *ad litem* is compensated. (Ill. Rev. Stat. 1981, ch. 100½, pars. 11a—10(a), (c).) If the respondent is unable (not unwilling) to pay, then the court shall order the State to pay.

An ironical result of the majority opinion is that a guardian *ad litem* who succeeds in having incompetency or related proceedings terminated cannot be paid. Thus, the majority opinion, in one sense, is calculated to penalize success and reward failure. More significantly, however, it simply ignores the role and purpose of the guardian *ad litem*, who is designated to protect the legal rights of the incapacitated person in the litigation at hand. In some situations, that might involve supporting the petition; in other situations, resisting.

In the instant case, there is no basis in the record for finding that the trial court abused its discretion in appointing Mr. LaSaine as guardian *ad litem*. There is no basis for finding that he did not fully, fairly and adequately discharge his appointive duties. There is no basis for finding that the awarded fee of $300 to be taxed as costs is anything but reasonable. In short, there is no basis for reversing the trial court in this regard.

The integrity of the judicial process demands that appointed guardian *ad litems* be utilized in certain cases. And, if guardian *ad litems* are to be utilized, they must be paid. Involuntary servitude, after all, was abolished many years ago. The instant majority opinion, in ruling otherwise, flies in the face of established law.

Accordingly, I dissent.