*In re* RITA MARY SERAFIN, a/k/a Rita Mary Krolopp, a/k/a Rita Mary Seraphim, Alleged Disabled Person (Joseph Krolopp *et al.*, Petitioners, v. Rita Mary Serafin, Respondent-Appellant).

Second District   No. 2—94—0950

Opinion filed April 26, 1995.

James E. Berner, of Caldwell, Berner & Caldwell, of Woodstock, for appellant.

No brief filed for appellees.

John E. Ridgway, of Walter J. Binder & Associates, of Cary, guardian *ad litem*.

PRESIDING JUSTICE McLAREN delivered the opinion of the court:

Respondent, Rita Mary Serafin, a/k/a Rita Mary Krolopp, a/k/a Rita Mary Seraphim, appeals from the order of the circuit court of McHenry County directing her to pay the fees of the guardian *ad litem*, John E. Ridgway. We affirm.

Petitioners, Joseph and John Krolopp, filed a petition for the appointment of a guardian of the estate of their mother, Rita Mary Se-

rafin. The petition averred that it was brought to preserve the financial and personal well being of Rita, who was believed to suffer from a chronic mental disturbance or personality disorder and was unable to make responsible decisions with respect to the care of her estate valued at over $500,000. The petition filed on March 15, 1993, alleged that Rita's property would be lost unless certain steps were taken to prevent the forfeiture by default of her property which was then the subject of a forfeiture proceeding in case No. 92—CH—210. Petitioners also sought the appointment of a temporary guardian of Rita's estate. See 755 ILCS 5/11a—4 (West 1992).

Following the filing of the petition on March 15, 1993, the court appointed attorney John E. Ridgway as guardian *ad litem* for Rita (GAL), and on March 24, 1993, the court appointed James E. Berner as Rita's counsel and ordered a medical examination of respondent. In April, Rita's counsel moved to dismiss the petition against her and sought Supreme Court Rule 137 sanctions, arguing that the petition was not well founded in fact or law. See 134 Ill. 2d R. 137.

On April 16, 1993, the court entered an *agreed* order for the temporary guardianship of Rita's estate and appointed Mark and John Krolopp as limited coguardians of her estate; the order specified certain duties they were to undertake with respect to Rita's property, including those necessary to redeem the property.

On June 11, 1993, Ridgway, the GAL, moved for an order for the payment of his professional fees in the amount of $1,168.75. In January 1994, Rita moved to dismiss the cause "with prejudice" (for want of prosecution) and to impound the records, stating that the temporary 60-day guardianship had expired and that there had been no further proceedings. On May 31, 1994, petitioners, by answer, sought to resist the assessment of GAL fees against them and argued that they should be assessed against Rita, who denied that she was liable by statute or otherwise for the payment of such fees. On July 22, 1994, after hearing testimony, the court found that Rita was able to pay the GAL's fees and ordered her to pay the $1,168.75, an amount which it found to be reasonable. The court also found there was no just reason to delay enforcement or appeal of the order. (See 134 Ill. 2d R. 304(a).) The cause was dismissed on August 15, 1994, and the records were impounded. On the same date, Rita filed her notice of appeal, and the court stayed the order for the payment of fees.

■ This court has jurisdiction because the branch of the litigation concerning the appointment of temporary guardians resulted in an order which fixed the rights of the parties with respect to that issue; the temporary guardianship has now expired. The resulting GAL fees were assessed, and an order terminating that part of the case

was entered with a finding making that order appealable. But see *Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110 (an order of dismissal for want of prosecution is not ordinarily final and appealable). See also *In re Estate of Nelson* (1993), 250 Ill. App. 3d 282, 285 (in estate proceeding, order which finally determines right or status of party may be appealed under Supreme Court Rule 304(b)(1) (134 Ill. 2d R. 304(b)(1)).

Since there is no appellee's brief filed in this appeal, we decide the appeal in accordance with the guidelines of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

Respondent argues that she is not liable for the fees of the GAL because there was never a finding that she was disabled, petitioners never sought a hearing on the petition for the appointment of a permanent guardian and the case was dismissed for want of prosecution. Respondent asserts that she should not be held liable for the GAL's fees where it appears she was not adjudicated a "disabled person" and there was no "administration" of her estate. See, *e.g., In re Prior* (1983), 116 Ill. App. 3d 666 (applying strict rule of construction, the majority held that the court erred in taxing costs for services of a GAL, and a temporary guardian against an allegedly disabled respondent where the petition for permanent guardian was dismissed, private counsel appeared for respondent, and statute provided that GAL fees were to be paid in the "due course of administration" and there was no "administration" required in the case); 755 ILCS 5/11a—10(a), (b), (c) (West 1992); see also *In re Estate of Stoica* (1990), 203 Ill. App. 3d 225 (County of Cook, as petitioner, could not be required to pay GAL's fees where there was no finding that respondent could not pay the fees and statute provided that State could be directed to pay fees if respondent is unable to pay).

Respondent argues that the litigation was unnecessary or perhaps frivolous and therefore it would be unfair or inequitable that she be held liable for the compensation of the GAL. To the extent respondent argues that the litigation was, in fact, frivolous, it is not a question properly before us, and we will not reach that question to resolve the issue here. The question we address is whether the trial court has the statutory authority to tax the fees against the respondent when it has appointed an attorney and a GAL to represent the respondent in the proceeding; it only appoints a temporary guardian; the respondent does not resist the appointment of the GAL; there is no finding that the appointment of the GAL was not necessary; and the court determines that the respondent is able to pay the fees. Notwithstanding the decision in *Prior* (116 Ill. App. 3d 666), we conclude the circuit court's decision here was authorized by statute and was not an abuse of discretion.

■ Section 11a—3 of the Probate Act of 1975 (Act)(755 ILCS 5/11a—3 (West 1992)) provides that "[u]pon the filing of a petition by a reputable person or by the alleged disabled person himself or on its own motion, the court may adjudge a person to be a disabled person" (as defined by the Act) and may appoint a guardian of the person "if because of [the] disability [the person] lacks sufficient understanding or capacity to make or communicate responsible decisions concerning the care of his person"; the court may appoint a guardian of his estate "if because of his disability he is unable to manage his estate or financial affairs"; the appointment of a guardian for both person and estate is also authorized. (755 ILCS 5/11a—3 (West 1992).) Prior to such appointment under the Act, the court may appoint a "temporary guardian upon a showing of the necessity therefor for the welfare and protection of the disabled person or his estate on such notice and subject to such conditions as the court may prescribe." (755 ILCS 5/11a—4 (West 1992).) The temporary guardianship expires within 60 days after the appointment or whenever a guardian is regularly appointed, whichever occurs first. 755 ILCS 5/11a—4 (West 1992).

■ The Act also provides, in pertinent part, that upon the filing of a petition and before the hearing on it:

"The court shall appoint a guardian ad litem to represent the respondent, except that the appointment of a guardian ad litem shall not be required when the court determines that such appointment is not necessary for the protection of the respondent or a reasonably informed decision on the petition. The court may allow the guardian ad litem reasonable compensation. The guardian ad litem may consult with a person who by training or experience is qualified to work with developmentally disabled, mentally ill, or physically disabled persons, or persons disabled because of mental deterioration ***. The guardian ad litem shall personally observe the respondent prior to the hearing and, unless excused by the court for good cause shown, shall inform him orally and in writing of the contents of the petition and of his rights ***.
***
(c) If the respondent is unable to pay the fee of the guardian ad litem or appointed counsel, or both, the court shall enter an order upon the State to pay from funds appropriated by the General Assembly for that purpose, all such fees or such amounts as the respondent is unable to pay." 755 ILCS 5/11a—10(a), (c) (West 1992).

■ A GAL appointed under the Act is duty bound to "file an answer, appear and defend on behalf of the ward." (755 ILCS 5/27—3 (West 1992).) Section 27—4 provides that a "guardian ad litem or special administrator is entitled to such reasonable compensation as

may be fixed by the court to be taxed as costs in the proceedings and paid in due course of administration." (755 ILCS 5/27—4 (West 1992).) The GAL assists the court in investigating the matters raised in the petition, and he represents and defends the respondent in the proceedings. The circuit court is charged with a duty to protect the interests of its ward and has, by statute and otherwise, those powers necessary to appoint a guardian *ad litem* to represent the interests of the respondent during the court's exercise of its jurisdiction. (See *In re Estate of Nelson*, 250 Ill. App. 3d at 287-88.) The court also has broad discretion to order that reasonable compensation for the GAL be paid out of the assets of the respondent's estate since the GAL is acting on behalf of the respondent. Although there is little case law on the precise question presented, there is some authority for the court to order the payment of fees from the respondent's estate. See, *e.g., Nelson*, 250 Ill. App. 3d at 288 (GAL who was appointed for limited purpose assisted in investigation of charges of neglect and was entitled to be paid out of estate of respondent "in due course of administration"); *In re Estate of Johnson* (1991), 219 Ill. App. 3d 962, 967 (without much elaboration by reviewing court, fees held properly paid out of estate of respondent).

■ Respondent urges this court to adopt the *Prior* court's narrow construction of section 27—4 when the reviewing court concluded that a GAL should not have been compensated "in due course of administration" where there was no "administration" of the respondent's estate required. In that case, the petitions for the appointment of a permanent guardian were dismissed following a hearing soon after the petitions were filed, and private counsel had appeared on behalf of respondent as soon as notice was received of the pending hearing and asked that the appointment of the GAL be revoked. Under the circumstances presented there, the court found inequitable the award of GAL fees from the respondent's estate. (*Prior*, 116 Ill. App. 3d 666.) A strong undercurrent in that case was that the petitions lacked merit. While the result in that case may have been warranted on its particular facts, we disagree that GAL fees may never be awarded prior to or without the "administration" of a respondent's estate, and we decline to adopt the *Prior* court's narrow (and seemingly inflexible) construction of the statutory provision. In many instances, in performing his duties at the direction of a court, a GAL may provide extensive and valuable service in representing the interests of a respondent alleged to be disabled without there ever being an "estate" in property to "administer."

The statute provides that a GAL is "entitled" to such reasonable compensation as may be fixed by the court to be taxed as costs in the

proceedings and paid "in due course of administration." (755 ILCS 5/27—4 (West 1992).) The term "administration" is not specifically defined there, and the provision does not refer to an "estate." Justice Heiple strongly dissented from the majority decision in *Prior* both on the basis of customary practice and on the authority of the statutory scheme:

> "From time immemorial, trial courts have designated guardian *ad litems* [sic] to be appointed in proceedings where necessary to prosecute or defend a suit on behalf of a party incapacitated by infancy, mental or physical state or otherwise. The guardian *ad litem* serves as an officer of the court and as an aid to the court to ensure that the rights of the alleged incapacitated person are fully protected. *** It has also been customary and traditional to compensate the guardian *ad litem* from the estate of the incapacitated person since the services are rendered for that person's benefit.

> And, in the instant case, the trial court is mandated ('shall appoint') to appoint a guardian *ad litem*; and to see to it ('shall enter an order') that the guardian *ad litem* is compensated. (Ill. Rev. Stat. 1981, ch. 100$^{1}$/$_{2}$, pars. 11a—10(a), (c).) If the respondent is unable (not unwilling) to pay, then the court shall order the State to pay." (*Prior*, 116 Ill. App. 3d at 671 (Heiple, J., dissenting).)

Justice Heiple found it ironic that the result of the majority opinion would be that a GAL who succeeded in having incompetency proceedings terminated could not be paid. He observed that, in some circumstances, the role of the GAL would be to support the petition, in others, to resist it. *Prior*, 116 Ill. App. 3d at 671 (Heiple, J., dissenting).

"Administration" may be defined as the "[m]anagement or conduct of an office or employment." (Black's Law Dictionary 44 (6th ed. 1990).) Among other things, "administer" means "[t]o manage or conduct" or "discharge the duties of an office; to take charge of business; to manage affairs; to serve in the conduct of affairs, in the application of things to their uses." (Black's Law Dictionary 44 (6th ed. 1990).) Although administration may involve an estate, it is by no means limited to the management of property or an estate, but may refer to the discharge of the duties of a given office.

⊛6 In this case, upon being appointed by the court, the GAL undertook certain duties affecting the course of the legal proceedings, including the review of respondent's medical evaluation; the GAL discharged those duties on behalf of the respondent in the management of her affairs, without regard to respondent's later unwillingness to compensate the GAL. Respondent does not assert that she resisted the appointment of the GAL, nor does she dispute the reasonableness of the fees. In an *agreed* order, the trial court did, in

fact, appoint two temporary limited coguardians to assist respondent with the management of her property. Overall, the record shows that the court implicitly found the appointment of the GAL necessary to protect the interests of the respondent. One statutory provision clearly provides that if the *respondent* is unable to pay the GAL's fees, then the court may tax the fees to the State. Under the circumstances, we find no abuse of discretion by the trial court in taxing the GAL's fees to respondent, nor do we find the decision inequitable.

We express no view on the propriety of the petitioners' initiation of the action nor the allegations of frivolity made by the respondent.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

INGLIS and RATHJE, JJ., concur.