# Illinois Official Reports

## Appellate Court

---

### *Jones v. Steck*, 2020 IL App (3d) 180548

---

| | |
|---|---|
| Appellate Court Caption | TESSA JONES, Plaintiff-Appellant, v. MARIA STECK, WILLIAM E. STECK, and GEORGE F. STECK, Defendants (William E. Steck and George F. Steck, Defendants-Appellees). |
| District & No. | Third District<br>No. 3-18-0548 |
| Filed | January 13, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Henderson County, No. 17-L-3; the Hon. Scott Shipplett, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Andre D. Cassidy of Cassidy & Mueller P.C., of Peoria, for appellant.<br><br>John W. Robertson, of Statham & Long, LLC, of Galesburg, for appellees. |
| Panel | PRESIDING JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justices O'Brien and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1      Plaintiff, Tessa Jones, was injured in an all-terrain vehicle (ATV) accident that occurred on a levee in Henderson County. She filed a negligence complaint against Maria Steck, who was driving the ATV, and defendants William E. Steck and George F. Steck, who owned and maintained the levee on which the accident occurred. Defendants moved for summary judgment, claiming, among other things, that section 11-1427(g) of the Illinois Vehicle Code (ATV Statute) (625 ILCS 5/11-1427(g) (West 2014)) precluded premise liability. The trial court granted defendants' motion, finding that the ATV Statute applied, and Tessa appeals. We affirm.

¶ 2                              BACKGROUND

¶ 3      The facts in this case are not disputed. William and George Steck are brothers who own and operate approximately 2000 acres of farmland together with their siblings.[1] The farmland has been divided into multiple plots, and some are owned by individual family members. William and his family live in a house on one of the plots that he and his wife own. Three contiguous tracts of farmland owned by the Steck siblings lie to the west of William's house. On the other side of those tracts is a 10-acre elevated strip of land that was formerly owned by a railroad company. The railroad tracks were removed years ago, and the land is now used as a levee to prevent the Stecks' cropland from flooding. The levee is owned and maintained by William and George.

¶ 4      In July 2014, a portion of the levee washed out. William and George did not repair the damage because they did not frequently use the levee. After several months, vegetation grew over the area, making it difficult to see the breach.

¶ 5      On March 13, 2015, William's daughter, Maria, who was home from college for spring break, went to dinner with Tessa and some other friends. They all returned to the farm later that evening and decided to take a ride around the property. Maria and Tessa jumped in an ATV owned by George. Maria was the driver, and Tessa was the passenger. Maria drove through the field, across a road, and up onto the levee. As she proceeded along the top of the levee, she drove into the washout and crashed, injuring herself and Tessa.

¶ 6      Tessa filed a complaint against Maria for negligent operation of the ATV. The complaint also included two counts against William (count II) and George (count III) for failing to maintain the levee in a safe condition and failing to notify anyone about the breach.

¶ 7      In her deposition, Maria stated that she believed she had permission to travel on all parts of the farm. She acknowledged that she did not tell anyone she was taking the ATV and that no one gave her express permission to use the ATV that evening.

¶ 8      William and George moved for summary judgment. They argued that, under the ATV Statute, they did not owe Tessa a duty to maintain the premises in a reasonably safe condition for use by an ATV. Alternatively, they maintained that summary judgment was appropriate because the breach in the levee was an open and obvious condition. The trial court granted defendants' motion, finding that the ATV Statute precluded liability and dismissed counts II

---

[1] Two other siblings also share ownership in the farmland. They were originally named as defendants, but Tessa voluntarily dismissed them from the lawsuit.

and III of Tessa's complaint.

¶ 9                                    ANALYSIS

¶ 10    On appeal, Tessa argues that summary judgment was inappropriate because her premise liability claims against William and George are not barred by the ATV Statute.

¶ 11    The Premises Liability Act (Act) (740 ILCS 130/1 *et seq.* (West 2014)) imposes a duty on property owners to maintain their property in a reasonably safe condition. Section 2 of the Act states that "[t]he duty owed to such entrants is that of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." *Id.* § 2.

¶ 12    That liability, however, is not without limits. See generally *Ward v. K Mart Corp.*, 136 Ill. 2d 132, 148-151 (1990) (owner is not liable for harm caused by a condition that is open and obvious unless it is reasonably foreseeable that an invitee might be injured); see also *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 116 (1995) (landowner owes no duty of care to a trespasser except to refrain from willful and wanton conduct).

¶ 13    The ATV Statute also limits a landowner's liability. Section 11-1427(g) of the statute provides:

> "(g) Notwithstanding any other law to the contrary, an owner, lessee, or occupant of premises owes no duty of care to keep the premises safe for entry or use by others for use by an all-terrain vehicle or off-highway motorcycle, or to give warning of any condition, use, structure or activity on such premises. This subsection does not apply where permission to drive or operate an all-terrain vehicle or off-highway motorcycle is given for a valuable consideration other than to this State ***. ***
>
> Nothing in this subsection limits in any way liability which otherwise exists for willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity." 625 ILCS 5/11-1427(g) (West 2014).

¶ 14    The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Better Government Ass'n v. Illinois High School Ass'n*, 2017 IL 121124, ¶ 22. The most reliable indicator of legislative intent is the language used in the statute, which must be given its plain and ordinary meaning. *Gillespie Community Unit School District No. 7 v. Wight & Co.*, 2014 IL 115330, ¶ 31. When a statute contains undefined terms, it is appropriate to employ dictionary definitions to determine the plain and ordinary meaning of those words. *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 8 (2009). Where the statutory language is clear and unambiguous, the court must give it effect without resort to other tools of interpretation. *Exelon Corp. v. Department of Revenue*, 234 Ill. 2d 266, 275 (2009).

¶ 15    Courts must strictly construe statutes in derogation of common law since the common law is not to be deemed abrogated by statute unless it clearly appears that the legislature intended the derogation. *In re W.W.*, 97 Ill. 2d 53, 57 (1983). Statutes in derogation of common law "will not be extended any further than what the language of the statute absolutely requires by its express terms or by clear implication." *Illinois-American Water Co. v. City of Peoria*, 332 Ill. App. 3d 1098, 1105 (2002). Statutory construction is a question of law to be reviewed *de novo*. *Advincula v. United Blood Services*, 176 Ill. 2d 1, 12 (1996).

¶ 16    In this case, the ATV Statute applies limits of premise liability for ATV injuries by stating that property owners, lessees, and occupants owe no duty of care to keep their premises safe

"for entry or use by others for use by an ATV." The crucial term is "use by others." If an injured party falls into the category of an "other," the property owner is not liable for negligent conduct that may have contributed to the injury. The word "other" generally refers to "the person or thing that remains or that has not been shown or mentioned yet." Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictonary/other (last visited Oct. 2, 2019) [https://perma.cc/F5QP-EMBW]. Reading the statute with this definition in mind, it is clear the term "use by others" means use by someone other than an owner, lessee, or occupant. See *Allendorf v. Redfearn*, 2011 IL App (2d) 110130, ¶ 13 (an occupant, owner, or employee does not qualify as an "other" under the ATV Statute).

¶ 17        In *Allendorf*, a farmhand, who worked for and lived on property owned by the defendants, was injured while attempting to catch a loose bull on an ATV as part of his farmhand duties. The reviewing court held that the ATV Statute did not bar the farmhand's negligence claim against the property owners. The court applied the rules of statutory construction and determined that "[t]he plain language of the ATV Statute expresses the legislature's intent to exempt owners, lessees, and occupants of land from the claims of 'others' relating to the others' use of the land for riding ATVs." *Id.* It found that because the farmhand was an employee and lived on the property, he was an occupant or owner rather than an "other." The court concluded that the statute's declaration that the property owners owed no duty of care to keep the premises safe for "use by others" did not apply to bar the farmhand's claim. *Id.*

¶ 18        Here, the plain and ordinary meaning of the word "others" leads us to conclude that the ATV Statute bars Tessa's claims against defendants. Unlike the farmhand in *Allendorf*, Tessa falls into the category of "use by others" to which the ATV Statute applies. The plain language of the statute expresses the legislature's intent to exempt owners, lessees, and occupants from claims by others. Tessa does not own or lease the property, and she does not live on the property like the farmhand in *Allendorf*. Since she is not an owner, lessee, or occupant, she must be viewed as an "other."

¶ 19        Tessa acknowledges that she may be viewed as an "other" but claims that the ATV Statute still does not apply because, as a family member who was lawfully operating an ATV on property owned by her family, Maria cannot be considered an "other" under the statute. We disagree. Maria also qualifies as an "other" under the statute. She does not own the levee, nor does she occupy it. Although Maria lives with her parents on a tract of land nearby, she does not own or reside on the property where the accident occurred. Even if we assume Maria qualifies as an owner or occupant under the statute, we find no correlation between Maria's lawful use of the ATV as an owner or operator and Tessa's claims against William and George. In counts II and III of her complaint, Tessa seeks to recover damages from defendants for injuries she sustained based on premise liability. Those claims are not tied to Maria's status. If Maria had filed a premise liability action, the ATV Statute might not have barred her claims against William and George. However, nothing in the language of the statute allows Tessa to vicariously claim the same protections. Thus, William and George do not owe a duty of care to Tessa to maintain the levee in a safe condition for ATV use or to warn of an unsafe condition.

¶ 20        The Snowmobile Registration and Safety Act (Snowmobile Act) contains nearly identical language, and courts have interpreted it similarly, in derogation of common law. Section 5-1 (I) of the Snowmobile Act provides:

> "Notwithstanding any other law to the contrary, an owner, lessee, or occupant of premises owes no duty to keep the premises safe for entry or use by others for

snowmobiling, or to give any warning of any condition, use, structure or activity on such premises." 625 ILCS 40/5-1(I) (West 2014).

In *Moon v. Smith*, 276 Ill. App. 3d 958 (1995), and *Jacobson v. Waszak*, 293 Ill. App. 3d 151 (1997), the court held that the plain language of the statute indicated that the intent of the legislature was to limit liability of property owners in snowmobile accidents in derogation of common law. *Moon*, 276 Ill. App. 3d at 963; *Jacobson*, 293 Ill. App. 3d at 154-55. In *Moon*, the court held that "our legislature 'implemented a different standard of care for [landowners'] tort liability in snowmobile accidents' [citation], which implies that our legislature intended negligence actions be barred and replaced by a different standard of care." *Moon*, 276 Ill. App. 3d at 965 (quoting *Ostergren v. Forest Preserve District*, 104 Ill. 2d 128, 133 (1984)). *Jacobson* also recognized that snowmobiling is an "inherently dangerous sport" and that "the clear language of the statute immunizes [the landowner] from an action sounding in negligence." *Jacobson*, 293 Ill. App. 3d at 155-56.

¶ 21 We apply the same reasoning to our holding that limits premise liability under the ATV Statute. The use of ATVs is inherently dangerous; riders travel several miles at high rates of speed, across acres of land, without knowledge of or permission from the landowners. The plain language of the ATV Statute clearly implies, if not expressly states, a legislative intent to impose a different standard of care and bar ATV users from bringing negligence actions against landowners, except in cases of willful and malicious conduct. See 625 ILCS 5/11-1427(g) (West 2014).

¶ 22 Tessa raises two arguments challenging the plain language of the ATV Statute. First, Tessa argues that the ATV Statute does not limit William and George's liability because the language in the statute only applies to the illegal operation of an ATV by others. She maintains that the statute does not apply to her and any other nontrespassing ATV user because section 11-1427 begins with the phrase "[i]llegal operation of all-terrain vehicle or off-highway motorcycles." While the first paragraph of section 11-1427 uses the term "illegal operation," section 11-1427(g) does not mention the terms "illegal operation" or "illegal use." It specifically precludes liability for injuries sustained by ATV users, in derogation of the common law. The last sentence of the provision, however, reserves liability for willful or malicious conduct, a duty imposed under common law regardless of user status. *Cf. Mt. Zion State Bank & Trust*, 169 Ill. 2d at 116 (under common law, a landowner owes no duty to a trespasser except to refrain from willful and wanton conduct). Tessa's argument that the ATV Statute only applies to trespassers would render most of the language in section 11-1427(g) superfluous and meaningless. The rules of statutory construction require us to avoid such an interpretation. See *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440-41 (2010) (courts must construe statutes to avoid rendering any part of it meaningless or superfluous).

¶ 23 Second, Tessa contends that the ATV Statute only precludes liability in cases where the injury occurs to ATV "operators." She claims that because she was a passenger and was not operating or driving the ATV, the statute does not apply to her. However, contrary to Tessa's claims, the ATV Statute does not refer to "operators;" the statute only refers to "use by others." See 625 ILCS 5/11-11427(g) (West 2014). Black's Law Dictionary defines the verb to "use" as "[t]o employ for the accomplishment of a purpose; to avail one's self of." Black's Law Dictionary 1776 (10th ed. 2014). A person who is riding on an ATV as a passenger, while not operating the ATV, is making use of the vehicle and availing herself of it. Here, Tessa was using the ATV to enjoy the evening with Maria and other friends. Nothing in the plain language

of the statute imposes a duty on William and George to maintain the property in a reasonably safe condition for Tessa's use of the ATV as a passenger.

¶ 24 Because Tessa was injured while riding on the ATV and she was not an owner, lessee, or occupant of the levee, her premise liability claims against William and George are barred by the ATV Statute. The trial court did not err in granting defendants' motion for summary judgment and dismissing counts II and III.

¶ 25                                                                CONCLUSION

¶ 26 The judgment of the circuit court of Henderson County is affirmed.

¶ 27 Affirmed.